[Civ. No. 6109.   Third Appellate District.—January 10, 1939.]

BETTY REIMAN, a Minor, etc., Appellant, v. LUTE HINELINE MOORE et al., Respondents.

Gumpert & Mazzera and C. H. Hogan for Appellant.

Honey & Mayall, Levinsky & Jones and Jack J. Miller for Respondents.

PULLEN, P. J.—Plaintiff and appellant, a minor, through her guardian *ad litem,* filed her complaint in this action, to which demurrers were interposed and overruled. Thereupon defendants answered, and the cause was regularly set for trial before a court and jury. After the empanelment of the jury, counsel for plaintiff made an opening statement reciting fully the facts in support of the cause of action as set forth in the complaint. At the close of the opening statement of plaintiff's case, counsel for defendants moved the court for an order directing the jury to return a verdict in favor of defendants and against the plaintiff. After argument the motion was granted, and the jury directed to return a verdict in favor of defendants and against plaintiff, which was done. Upon this verdict a judgment was entered, and it is from this judgment this appeal is taken.

From the opening statement the following facts appear:

In the city of Stockton is located a three-story building, the ground floor being used for business purposes and the two upper floors as an apartment house. This building was owned by respondent Stockton Realty Company, Ltd., a corporation. The upper floors of this building were originally leased by the corporation to a Mr. and Mrs. Blackwell, who subsequently, with the consent of the owner, assigned the lease to Lutie Hineline Moore, and she at all the times herein mentioned conducted the apartments as lessee thereof. At the time this apartment house was leased by the corporation to the Blackwells, and since said assignment by them to the

present lessee, the condition of the roof, as hereinafter described, has remained the same.

It is not contended that the premises had become dangerous through deterioration or through lack of repair. The condition complained of, and as described in the opening statement, had continued from the date of the execution of the original lease to the date of the accident.

Counsel for plaintiff, during his opening statement referred to and, by stipulation, there was introduced in evidence, a diagram of the roof. From this diagram and from the statement of counsel it appears that at all the times herein mentioned there was a room on the roof used as a laundry for the washing of clothes. From this room there opened out onto the roof, a door. On the roof were clothes lines where clothes that had been washed in the laundry could be hung to dry. Also on the roof were three skylights, all constructed on practically the same plan. The skylight in question consisted of an opening in the roof three feet by five feet. Around this opening was a perpendicular wall twelve inches high, and resting upon this raised casing around the opening was a four-pane skylight, two panes on each side and the ridge pole between the sides elevated some eighteen inches above the side wall. The panes of glass were seventeen by twenty-eight inches, the length extending from the ridge pole to the baseboard. The skylights were plainly visible to anyone on the roof.

One of the apartments in this building was rented to Mrs. Green. Appellant, Betty Reiman, a minor of about fifteen years of age, was invited to the apartment house by a daughter of Mrs. Green, and was assisting her in collecting some clothes from a line on the roof, and in stepping backward to permit the opening of the laundry door, tripped and fell through the skylight to the floor below, suffering serious and permanent injuries.

This suit was brought against the corporation and its lessee jointly, alleging that they were jointly in possession and control of the premises, knew of the dangerous and defective condition then existing on the roof, and negligently kept and maintained the same in such defective and dangerous condition.

It was the contention of respondent that the opening statement of appellant failed to state sufficient facts to justify

the cause being submitted to the jury. With this position we cannot agree.

In passing upon a motion for a nonsuit or a directed verdict after the introduction of evidence, the court must disregard conflicting evidence and accept as true all evidence offered in support of plaintiff's case and give to plaintiff the benefit of any legitimate inference therefrom. As here, where the motion is for a directed verdict upon the opening statement, such statement must be taken in its entirety as true, as well as the allegations of the complaint. This rule is stated in *Bias* v. *Reed*, 169 Cal. 33 [145 Pac. 516], the court there saying:

"In reviewing an order directing a verdict on an opening statement the appellate court must apply rules analogous to those which govern it in reviewing an order granting a nonsuit after the introduction of evidence. Every fact which counsel has stated as among the matters to be proved, together with all favorable inferences reasonably to be drawn therefrom, must be accepted by the court as facts which would have been proved if the case had been allowed to be tried."

With this general rule in mind it would appear that the facts alleged in the second amended complaint and the opening statement to the jury make out a case of liability against the defendants.

In *Hassell* v. *Denning*, 84 Cal. App. 479 [258 Pac. 426], the plaintiffs, being at that time the occupants of a portion of a two-story building, brought an action to recover damages on account of personal injuries sustained by the wife falling from an outside stairway. It is alleged that the stairway and landing were jointly used by them and defendants, the owners of the property. The accident was caused by the collapse of a wooden railing enclosing the landing, it being alleged that the same was faulty in construction, insecure, latently defective, and constituted a dangerous nuisance, and that such defective condition was at all times known to defendants but unknown to plaintiffs.

The appellate court, reversing an order sustaining the demurrer to this complaint, held that under the doctrine of *caveat emptor* and in the absence of fraud, concealment, or covenant, a landlord is not liable to a tenant for injuries due to defective condition or faulty construction of the demised premises, but that a lessor is liable for personal injuries

to a lessee caused by defects in the premises known to the lessor and unknown to the lessee. After discussing the situation as to such unknown or concealed defects, the court continues:

"Another qualification of the doctrine of *caveat emptor* in its relation to demised premises is that where a portion of the premises is reserved by the landlord for use in common by himself and tenants, or by different tenants, a duty is imposed upon him to use ordinary care to keep those particular portions of the premises in a safe condition; and if he is negligent in this regard, and a personal injury results to a tenant by reason thereof, he is liable therefor." (Citing many cases.)

This rule was quoted and applied in the case of *Bock* v. *Hamilton Square Baptist Church*, 219 Cal. 284 [26 Pac. (2d) 7]. In that case the Supreme Court announced the rule it was the duty of the landlord to keep the particular portion of the premises under his control in a safe condition and not merely in as good condition as the same were at the time of the commencement of the tenancy.

In *Spore* v. *Washington*, 96 Cal. App. 345 [274 Pac. 407], the following language is found:

"A landlord letting portions of a building to separate tenants, retaining other portions under his control, is under the responsibility of a general owner of real estate who holds out a general invitation to others to enter upon and use his property, and is bound to see that reasonable care is exercised to have the portion thus retained by him reasonably safe and fit for the uses which he has invited others to make of them."

The facts in the case of *Henry* v. *Haussling*, 114 N. J. L. 222 [176 Atl. 564], are quite similar to the facts in the instant case. The plaintiff in that case was a young child who was injured by a fall through a skylight. It appears that the parents of the child rented certain rooms on the second floor of the certain building in question, and they were advised that the roof of the building was accessible for the purpose of drying clothes, and for a playground for the children. The plaintiff was sent by her mother to bring in the clothes pins and fell through the skylight. In its opinion the court said that there was evidence that the skylights were in bad order, and although there was no invitation

for the tenants to use the skylights, nevertheless if they were where the tenants might come in contact incidentally while hanging out clothes and weak enough to let them through the roof with slight pressure, negligence would be inferred.

Respondents rely upon the rule laid down in *Watwood* v. *Fosdick*, 212 Cal. 84 [297 Pac. 881]. In that case plaintiff leased an apartment on the lower floor, and during the term of said lease visited an acquaintance on the upper floor. On returning to her own floor she slipped on the stairs and fell, sustaining certain injuries. The evidence disclosed she had caught her foot in a worn rubber which covered one of the steps, causing her to fall. It was also shown there was no hand rail on the stairs. The decision in this case seemed to turn upon the question of the assumption of risk and contributory negligence. Plaintiff testified that on a former occasion she had visited the upper floor and knew that the stairway was not equipped with a hand rail, and had so known that fact ever since she had become a tenant of appellant. The court said: " . . . he (the landlord) is under no duty to remove structural defects which are visible and known to the tenant." The court did not there say, however, that a tenant took the premises subject to defects in those portions of the building reserved by the landlord, which defects were unknown to the tenant at the time of the commencement of the tenancy.

From the opening statement of counsel for plaintiff it appears that the defect complained of existed at the time of the execution of the lease by the Stockton Realty Company to Moore. The Realty Company based their claim of nonliability on its part by reason of that fact. However, the general rule seems to be as laid down in 16 Ruling Case Law, page 1076, paragraph 594, as follows: "It is the well settled rule that the landlord is properly chargeable with liability to a stranger where the cause of injury to the latter is a nuisance existing on the premises at the time of the demise."

Respondents urge that appellants were guilty of contributory negligence. Contributory negligence is ordinarily a matter to be determined by the jury, and the court could not, upon an opening statement, under these circumstances, pass upon that question. The statement alleged that plaintiff had never been on the roof in question before, that she was a girl of fifteen years of age, and was on the roof by the in-

vitation of a tenant and for the express purpose to assist in gathering laundry from the clothes line, which was there for the use of all the tenants. She followed closely behind her cousin, and it does not appear that she observed the skylight as she passed along the roof.

Ordinarily an invitee upon premises has a right to assume that she has a reasonably safe place in which to move about, and whether or not she exercises reasonable care for her own safety is a question for the jury to decide under all the circumstances. (*Hodge* v. *Weinstock, Lubin & Co.,* 109 Cal. App. 393 [293 Pac. 80].)

It appears to us that the trial court has overlooked the fact that at the time of the accident here involved the owner or landlord was in possession and control of that portion of the premises where the accident occurred and that they retained control for the use and benefit of all the tenants in the building, and that under such circumstances they had a legal duty to exercise ordinary and reasonable care to keep that portion of the premises in a safe condition for the tenants and their invitees. But whether or not the landlord had performed that duty is a question of fact for the determination of the jury, as was the question whether or not plaintiff had exercised ordinary care for her own safety and protection.

The judgment of dismissal should therefore be reversed and a new trial granted. It is so ordered.

Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 9, 1939, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 2, 1939. Curtis, J., Langdon, J., and Edmonds, J., voted for a hearing.