No. 17,303.

Van Schaack and Company et al. *v.* Perkins.

(272 P. [2d] 269)

Decided June 28, 1954.

Messrs. Bannister, Weller & Friedrich, Mr. William H. Hazlitt, for plaintiffs in error.

Messrs. January & Yegge, Margaret R. Bates, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

We will hereinafter refer to the parties as they appeared in the trial court, where plaintiffs in error were defendants and defendant in error was plaintiff.

Plaintiff brought this action to obtain a judgment for damages for personal injuries allegedly sustained by her on April 24, 1952, while she was a tenant in the office building owned by defendants. She alleged in her complaint that defendants and their agents negligently "caused, created and maintained a defective and dangerous condition in and around a restroom," in the E. & C. building, and that by reason thereof she slipped and fell to the floor, sustaining temporary and permanent injuries.

Defendants in their answer admitted that plaintiff was a tenant in the E. & C. building operated by them; denied any negligence on their part; and alleged affirmative defenses of contributory negligence, assumption of risk and unavoidable accident.

The issues were tried to a jury; a verdict was returned in favor of plaintiff for $10,235.00; and judgment was entered thereon. Defendants, seeking reversal of that judgment, bring the case to this Court for review by writ of error.

Counsel for defendants contend that the evidence was insufficient to warrant submission of the case to the jury, in that it "failed to establish that the defendants had any notice of a dangerous condition prior to the injury," and that it "was no more consistent with negligence on defendants' part than with due care, and was as indicative of negligence on plaintiff's part as of negligence on defendants' part." It further is argued that the court committed error in refusing to give instructions tendered by counsel for defendants, and in giving instructions over their objection.

Plaintiff testified in substance that she had been a tenant in the office building, operated by defendants, for

many years, and that at about 6:00 o'clock P.M. on the day of the accident she went to the ladies' rest room where she found the janitor at the doorway. He had been in the rest room replenishing its supply of paper and he left inside the room a carton he used in which to carry toilet tissue, cleaning powder, and a can with an open funnel top containing liquid soap for the wash bowl soap dispensers. Upon observing that plaintiff desired to use the rest room he withdrew and indicated that he would return later. Plaintiff entered, and on the way out she slipped and fell. She testified that the cause of the fall was liquid soap on the mosaic tile floor of a short narrow passageway through which she had to pass on leaving the rest room. She said that she did not see the soap before she fell. There was liquid soap on her clothing after the accident. She sustained a fracture of the upper end of the humerus near the shoulder joint, and other injuries, and claimed damages for permanent disability and loss of earnings.

The janitor came to plaintiff's aid after she fell. He testified that there was no soap on the floor when plaintiff entered the area where the accident occurred, and that, when he returned, the liquid soap container had been tipped over and the soap was running under plaintiff's skirt. No one, other than plaintiff and the janitor, was on that floor of the building or in the rest room at or immediately prior to the time of the accident.

Questions to be Determined.

First: *Under the circumstances present in this case, was it necessary for plaintiff to prove that the named defendants, who were the owners and operators of the building, had actual notice of the alleged dangerous condition, or that the condition had existed for so long a time that they would be charged with notice?*

This question is answered in the negative. The pertinent general rule of law is that when a landlord retains control of portions of a building for the use and benefit of all the tenants, he is under duty to exercise reason--

able care to keep those portions in a safe condition for use by the tenants. The following cases are a few among many which could be cited as supporting this principle: *Robinson v. Belmont-Buckingham Holding Co.*, 94 Colo. 534, 31 P. (2d) 918; *Frazier v. Edwards*, 117 Colo. 502, 190 P. (2d) 126; *Reiman v. Moore*, 30 Cal. App. (2d) 306, 86 P. (2d) 156; *Simmons v. Pagones*, 66 So. Dak. 296, 282 N.W. 257; *Scibek v. O'Connell*, 131 Conn. 557, 41 A. (2d) 251; *Henry v. First National Bank of Kansas City*, 115 S.W. (2d) 121 (K.C. Court of Appeals); *Butler v. Maney*, 146 Fla. 33, 200 So. 226.

Defendants rely upon the recent case of *Denver Dry Goods Co. v. Pender*, 128 Colo. 281, 262 P. (2d) 257, in which our Court held, under pertinent facts, that plaintiff had failed to establish a prima facie case in the absence of a showing that defendant had notice of the dangerous condition which it was alleged had caused the injuries involved in that case. However, the case at bar presents an entirely different factual situation, which calls for the application of a different principle of law.

The evidence offered on behalf of plaintiff tended to establish that her injury was the result of a dangerous condition created by the negligence of defendants' employee in the course of his employment, and, without question, defendants are liable for injuries resulting from the negligent acts of their servants within the general course of their authority. In the Denver Dry Goods case, supra, there was no evidence tending to establish that the alleged dangerous condition originally was caused by defendant or any agent of defendant. In such a case a plaintiff can recover only by establishing that the landlord was under a duty of removing the dangerous condition or otherwise protecting against injury, and that this duty was not performed, although the landlord had actual or constructive notice of the dangerous condition. In the case at bar, however, there was evidence tending to prove that the dangerous condition, which allegedly caused plaintiff's injuries, was created by an

agent of defendants, and it was unnecessary for her to prove that defendants themselves had notice of the existence of said condition.

■■ Second: *Did the trial court err in refusing to give an instruction, tendered by counsel for defendants, relating to the measure of damages recoverable by plaintiff?*

This question is answered in the negative. The court gave the following instruction:

"Instruction No. 9

"You are instructed that if under the instructions of the Court as given you and the evidence submitted to you, you find that the defendants are liable to the plaintiff, it will then become your duty to award the plaintiff by your verdict such an amount of damages as will justly, reasonably, and fully compensate her for her injuries sustained as shown by the evidence in this case. In assessing such damages you should take into consideration all of the evidence in the case and in assessing such sum you shall take into consideration the nature and extent of the plaintiff's injuries, the physical and mental pain and suffering endured by her prior to the trial of this case, the debts incurred and payments made for necessary medical, hospital and other expenses, all insofar as the above items have been established by the evidence.

"You are further instructed that if you find that the plaintiff has established by a preponderance of the evidence that she will necessarily in the future endure physical and mental pain and suffering resulting from said injuries; or that she has incurred permanent injury or permanent disability as a result of said injuries; or that she has lost income and earnings prior to the trial of this case; or that her earning capacity and capability to practice her profession in the future has been impaired or lost as a result of said injuries, then and in that event you may take into consideration those of the above items

which have been so established by the evidence insofar as they have been so established.

"In no event shall you bring in a verdict for more than $23,250.00, the amount sued for in the plaintiff's complaint."

Counsel for defendants objected to the giving of this instruction upon the ground that it, "fails to advise the jury that they can include as damages only the present value of any diminution of future earning capacity," and that in determining future loss of earnings the jury should have been advised that they should consider the "effect of any pre-existing disease, and what the effect of the natural course of such disease would have on such earning capacity." They tendered an instruction on damages which included the following language covering the matters which they contend were erroneously excluded from Instruction No. 9 given by the court:

"You are further instructed that if you find that plaintiff has established by a preponderance of the evidence that she will necessarily endure in the future physical and mental pain and suffering resulting from said injuries; or that she has sustained any permanent injury; then and in that event you are to take into consideration the prior condition of the plaintiff's health, the extent to which such future pain and suffering is the result of an aggravation of a pre-existing physical or mental condition, if any; the probable future course of the pre-existing physical or mental condition, if any, in the absence of the injury; her age, 73 years, and her life expectancy 7.10 years insofar as such factors have been established with reasonable certainty by the evidence.

"If you find that the plaintiff has established by a preponderance of the evidence that she will necessarily sustain in the future an impairment of her earning capacity, then you are to take into account the condition of the plaintiff's health and her earning capacity prior to her injury as compared with her condition in those respects after the injury; the extent to which such im-

pairment of earning capacity, if any, is the result of an aggravation of a pre-existing physical or mental condition; the probable future course of the pre-existing physical or mental condition, if any, in the absence of the injury; her age, 73 years, and her life expectancy, 7.10 years, insofar as such factors have been established by the evidence in arriving at a sum which will fairly compensate her for such future impairment of her earning capacity. Only the present value of such decreased earning capacity should be included."

Counsel for defendants assert in argument that: "The two most important phases of the damage question on which the jury was not instructed and which were contained in the requested instruction were the effect which the probable natural course of any pre-existing disease would have on the amount of damages to be awarded and the necessity that in arriving at an amount of damages for decreased future earning capacity, only the present value of such decreased earning capacity should be included." The evidence disclosed that plaintiff, who was seventy-three years of age, was suffering from arteriosclerosis, but that there was no way of knowing the progress of the disease prior to the accident; that arterial changes in persons over fifty years of age are very common and not necessarily disabling; and that most people seventy years of age or over have some arteriosclerosis. There was no opinion expressed by any witness as to "the probable natural course of any pre-existing disease," from which plaintiff might have been suffering prior to the injury. The only concrete evidence in the record of plaintiff's physical condition preceding the injury was that she was in good health for a woman of her age, actively engaged in the practice of law and making her living by practicing that profession. Defendants produced no evidence to the contrary, either lay or medical. The undisputed evidence was that after the accident plaintiff immediately went into a physical and mental decline as a result of the injuries occasioned by the acci-

dent; that in fact she had to retire from the active practice of law, and never has done a full day's work since. This, of course, in addition to the permanent disability of the shoulder·by reason of the fracture to which Doctor Gunderson testified.

By the instruction given by the court the jury was told in substance that it could allow plaintiff damages for permanent disability, pain and suffering, and loss of earnings, only if the evidence established that such were the result of her injuries. Three times, in the instruction given, the jury was confined to a consideration of items of damage resulting from her injury "insofar as established by the evidence."

With reference to the argument that the jury should have been told to include "only the present value of such decreased earning capacity," suffice it to say that our Court, to our knowledge, never has held such an instruction essential in an action for personal injuries involving lost future earnings. If we correctly understand the contention of defendants' counsel, it is that the jury should have been told to figure the actual lost future earnings and then reduce the same by subtracting the legal rate of interest for the period of time for which the judgment would require prepayment to plaintiff. Even if such direction should have been given the jury, the tendered instruction fell far short of accomplishing that purpose. The only reference to the subject contained in the tendered instruction is the expression, "only the present value of such decreased earning capacity should be included." The jury could only have been confused by that language.

Under the instruction given by the court the jury could, and for all that appears in this record, did, award such sum as would, in its judgment, compensate plaintiff for the lessened or destroyed ability to earn money, making due allowance for the contingencies and uncertainties that inhere in such matters.

The court did not err in refusing to give the tendered

instruction, nor in giving instruction No. 9. The contentions advanced to the effect that error was committed by the court in the giving of instructions 7 and 14 are without merit.

The judgment is affirmed.