Opinion by
Mr. Justice Pringle.
Plaintiff in error was plaintiff and defendant in error was defendant in the trial court. They will be referred to as plaintiff or defendant or by name.
On February 15, 1958, plaintiff Dorothy Jean Jensen, then 14 years old, was visiting at the home of her friend, Alena Coffee. Near the gate of the Coffee home was a water meter box installed and maintained by the defendant water district. The meter box was set in the ground some 52 inches deep and had a cast iron cover plate. Some six or eight inches below the cover plate was a frost plate. Attached to the cover plate was a many sided nut fastened to a worm screw on the under side of the lid. The nut was turned to fasten the cover plate in place. There was no locking device on the cover plate other than the fastening device just described. The frost plate had no such fastening device.
At the time of the accident the cover plate had been removed and was lying loose on the ground in close proximity to the meter box and was partially covered by snow. The meter box was covered only by the frost plate.
After the plaintiff and her friend, Alena Coffee, left the Coffee home they walked through the gate and along the fence. The area between the street and the fence is unpaved and on the day of the accident it was wet and muddy. As the plaintiff proceeded she stepped on what she thought was the cover plate to avoid the mud on the ground. The object on which she stepped was not the cover plate but was the frost plate. The frost plate tilted and she fell with one leg in the meter box and the other on the ground. She was seriously injured and brought suit to recover damages.
One of the defendant’s employees testified that he had read the meter some three weeks before the accident and after reading the meter secured the cover plate on the *105 meter box. Defendant’s employees also testified that the securing lock on the cover plate could not be removed or taken off without a tool. As pointed out in defendant’s brief, any person with pliers, monkey wrench, crescent wrench or any similar tool could very easily loosen the bolt that holds the cover plate down.
One of the plaintiff’s witnesses stated that he had seen some young boys in the neighborhood remove the cover plate on several occasions and that they had done so three or four days before the accident. He also testified that in his opinion, the defendant’s employees did not tighten the nut on the last reading made before the accident.
It was the plaintiff’s contention that the water district failed to maintain the meter box in a reasonably safe condition in that (1) it failed to provide a proper securing device for the cover plate so that it might not be easily removed by third persons, or, (2) that the defendant’s agents failed to secure the cover properly after having read the meter, making it easily removable by third persons.
The defendant contends that there was no negligence in the maintenance of the meter box and that the accident happened solely as a result of actions by some third party without fault on the part of the defendant. It also contends that the plaintiff was guilty of contributory negligence.
The court submitted to the jury the questions of the negligence of the defendant and the contributory negligence of the plaintiff which resulted in a verdict for the defendant. As one of its grounds for reversal the plaintiff asserts that the instructions given by the court were conflicting, misleading and constituted inaccurate statements of the law.
By Instruction No. 6 the court instructed the jury that it was the duty of the water district to maintain the water meter box in a reasonably safe condition so that pedestrians using the right of way would not be injured. *106 This was a correct statement of the law applicable to this case. City of Boulder v. Burns, 135 Colo. 561, 313 P. (2d) 712.
But by Instruction No. 12 the court instructed the jury as follows: “You are instructed that the defendant, South Adams County Water and Sanitation District, is not responsible for the acts of third persons who may tamper or remove the cover to its water meter boxes unless you find from the evidence that such lid or cover tampered and removed from the water meter box was removed for such a length of time that the defendant should have known of its removal and failed to correct the same.”
By this instruction, the court flatly advised the jury that if a third person removed the cover plate the defendant was not responsible even though negligence on its part was a proximate cause of the injury unless it had notice of the removal. This instruction negated the effect of Instruction No. 6 and is at variance with a long line of decisions in Colorado, beginning with Colorado Mortgage and Investment Co. v. Rees, 21 Colo. 435, 42 Pac. 42, which hold that where an injury is the result of the combined negligence of the defendant and the negligent or wrongful act of a third person, for whose act neither the plaintiff nor defendant is responsible, the defendant is liable when the injury would not have happened except for his negligence. See also Shearman and Redford, Negligence, (Rev. Ed.) §38, p. 101 ff.
In Colorado Mortgage Co., supra, the plaintiff was injured when he fell into an elevator shaft, the doors of which were open. It was plaintiff’s contention that the fastening on the elevator door was improperly maintained by the defendant. Defendant contended that the doors were opened by a trespasser and that such act was an efficient intervening cause even though the defendant may have negligently maintained the elevators. The court rejected that theory, holding that where it could be reasonably apprehended that because of the condition *107 of the fastening, interference by a third party could cause the accident the first wrongdoer was not excused.
So in the instant case, if the jury determined that the type of fastening used by the defendant on its cover plates was not such as a reasonably prudent person would use under the same or similar circumstances to maintain the meter box in a safe condition, or that the condition in which the defendant’s agents left the meter box after the last inspection constituted negligent maintenance thereof on the part of the defendant, and that it could reasonably be anticipated that by reason thereof a third party might wrongfully remove the cover of the box and an injury result, the defendant could not escape liability on the grounds that an intervening cause produced the injury because a third party did remove the cover. Instruction No. 12 unequivocally advised the jury that no liability existed in this case in the absence of knowledge of such removal by the defendant. Under the circumstances here the giving of this instruction over objection constituted reversible error.
The plaintiff also complains of other instructions which undertook to advise the jury concerning the necessity of notice to the defendant of a dangerous condition before a duty arose on the part of the defendant to remedy the same. These instructions are poorly worded and may very well have left the impression with the jury that there can be no liability for an injury resulting from a dangerous or defective condition of the meter box unless the defendant has had actual notice of such condition and failed to remedy it within a reasonable time, notwithstanding the defective or dangerous condition resulted from negligence on the part of the defendant. This is an erroneous concept of the law. We follow the rule that notice to the defendant of the dangerous or defective condition is a non-essential element to recovery when the defective or dangerous condition was created as a result of the defendant’s own negligence. McQuillin, *108 Municipal Corporations, § 54.104, p. 381; Van Schaack v. Perkins, 129 Colo. 567, 272 P. (2d) 269.
The plaintiff also contends that Instruction No. 11 dealing with the factors to be considered by the jury on assessing damages did not present the question of permanent injury as an element of damages. The disability which the plaintiff might suffer in the future as testified to by her doctors was completely covered by this instruction permitting the jury to take into consideration future mental pain and suffering. The court committed no error in giving Instruction No. 11.
Plaintiff also contends that it was improper for the court to submit the question of contributory negligence to the jury. We are persuaded that the question of whether the plaintiff exercised the reasonable care to avoid injury which an ordinarily prudent person would have exercised under like circumstances was properly submitted to the jury.
Plaintiff also complains that the trial court erred in refusing to admit in evidence Exhibits J, K, L and M. Exhibits L and M were merely pictures of the plaintiff in bed and had no probative value in the case. The trial court was correct in excluding them.
[<8] Exhibits J and K were photographs of the pelvic region of the plaintiff and were produced to show the extent of the injury. The court refused to admit them on the ground that “they had emotional overtones.” Where the only purpose of a photograph is to inflame the jury, the pictures should be excluded. But where, as here, they portray the injury caused by the accident, they may not be excluded on the sole ground that they have “emotional overtones” or will be embarrassing.
Error is also asserted on the ground that in final argument certain statements were made by counsel for defendant concerning a medical witness which were highly improper, and that a mistrial should have been granted as a result of such statements. No transcript of the final argument was made by the reporter and we therefore *109 cannot rule upon this point. Suffice it to say that if such statements were made by counsel they were improper and should not be repeated upon a retrial.
The judgment is reversed and the cause remanded for a new trial.
Mr. Justice Frántz and Mr. Justice Hall concur.