No. C-88

**Edna Jasko v. F. W. Woolworth Co., a New York corporation**
(494 P.2d 839)

Decided March 13, 1972.

Walter O. Cass, Robert B. Cartwright, Samuel Berman, for petitioner.

Wood, Ris & Hames, Thomas T. Crumpacker, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Petitioner Jasko (plaintiff) was injured when she slipped and fell in respondent's (defendant's) store. The plaintiff brought an action against the defendant to recover damages for her injuries. At the close of plaintiff's case, the defendant's motion for a directed verdict and dismissal was granted. The dismissal was affirmed by the Colorado Court of Appeals. We granted certiorari and now reverse.

We view the evidence in the light most favorable to plaintiff. *Bailey v. King Soopers,* 142 Colo. 338, 350 P.2d 810 (1960). She was leaving the defendant's Denver store by a main aisle after shopping there. As she walked past a pizza-hoagie counter, she slipped and fell heavily against an upright counter injuring herself. She testified that she had slipped on a piece of pizza which was on the terrazzo floor.

An associate manager of the store testified that 500-1000 individuals per day purchased one or more slices of pizza at the pizza counter. There were no chairs or tables by the pizza counter. Many customers stood in the aisle and ate their pizza slices from the waxed paper sheets upon which they are served. When pizza was being consumed, according to this witness, porters "constantly" swept up debris on the floor.

The trial court and the Court of Appeals followed the well-known rule of law that, before there can be liability for injuries resulting from a dangerous condition, it must be shown (1) that the defendant in control of the premises had actual knowledge of the condition and failed to correct it, or (2) that the defendant had constructive knowledge of the condition and failed to correct it (*i.e.*, that the condition had existed for such a period of time that the defendant, in the exercise of due care, could have and should have known of it). We address ourselves solely to the necessity of notice of the specific condition, which under the facts of this case is of first impression in this court.

■ In her attempt to meet the requirement of notice, plaintiff did not claim or show that the alleged pizza was placed or dropped on the floor directly by the defendant or its employees, or that defendant knew of its presence. *Van Schaack v. Perkins*, 129 Colo. 567, 272 P.2d 269 (1954). Rather, it was her contention that defendant's method of selling pizza was one which leads inescapably to such mishaps as her own, and that in such a situation conventional notice requirements need not be met. We agree.

The dangerous condition was created by the store's method of sale. The steps taken to constantly clean the floor show that the store owner recognized the danger.

■ The practice of extensive selling of slices of pizza on waxed paper to customers who consume it while standing creates the reasonable probability that food will drop to the floor. Food on a terrazzo floor will create a dangerous condition. In such a situation, notice to the proprietor of the specific item on the floor need not be shown.

■ The basic notice requirement springs from the

thought that a dangerous condition, when it occurs, is somewhat out of the ordinary. Such was the case under the facts of *Woolworth v. Peet,* 132 Colo. 11, 284 P.2d 659 (1955), and *Denver Dry Goods v. Pender,* 128 Colo. 281, 262 P.2d 257 (1953), which the defendant has urged upon us. In such a situation the storekeeper is allowed a reasonable time, under the circumstances, to discover and correct the condition, unless it is the direct result of his (or his employees') acts. However, when the operating methods of a proprietor are such that dangerous conditions are continuous or easily foreseeable, the logical basis for the notice requirement dissolves. Then, actual or constructive notice of the specific condition need not be proved. *Bozza v. Vornado,* 42 N.J. 355, 200 A.2d 777 (1964).

We approached recognition of this principle with a slightly different setting in *Denver Dry Goods Company v. Gettman,* 167 Colo. 539, 448 P.2d 954 (1969). There the plaintiff slipped on a wet stairway of defendant. We held there (albeit without an extended discussion) that defendant's knowledge that there was snow outside, that the stairway became slick when wet, and that snow on customer's shoes would be deposited inside, was enough to allow the question of negligence to go to the jury.

In order to recover, the plaintiff must establish that the conduct of the defendant was negligent. This, of course, is a jury question.

"The more presence of a slick or slippery spot on a floor does not in and of itself establish negligence, for this condition may arise temporarily in any place of business. *Kitts v. Shop Rite Foods, Inc.,* 64 N.M. 24, 323 P.2d 282 (1958). Nor does proof of a slippery floor, without more, give rise to an inference that the proprietor had knowledge of the condition. *Kitts v. Shop Rite Foods, Inc., supra.* But we are not dealing with an isolated instance.

"Plaintiffs were not required to prove either a specific act of conduct or an obvious dangerous condition. Such proof was not required once there was proof of a continuing messy condition — a pattern of conduct. *Shaver v. Ray Bell Oil Co.,*

74 N.M. 700, 397 P.2d 723 (1964); *Lewis v. Barber's Super Markets, Inc.,* 72 N.M. 402, 384 P.2d 470 (1963).

"The proof of the pattern of conduct does not, of course, establish the defendant's negligence. *Williamson v. Piggly Wiggly Shop Rite Foods, Inc.,* 80 N.M. 591, 458 P.2d 843 (Ct. App. 1969). Taking the evidence in the light most favorable to plaintiffs, not only was there proof of the pattern of conduct, there was evidence or inference of defendant's knowledge of a continuing hazard, that invitees might fail to protect themselves against that hazard and that defendant failed to exercise reasonable care to protect them from that hazard. *Williamson v. Piggly Wiggly Shop Rite Foods, Inc., supra.* In the light of the evidence and inferences, it would have been error for the trial court to have sustained defendant's claim of 'no negligence.' Factual issues on defendant's negligence had been raised." *Garcia v. Barber's Super Markets,* 81 N.M. 92, 463 P.2d 516 (1969).

For other cases in accord *see Thomason v. Great Atlantic & Pacific Tea Company,* 413 F.2d 51 (4th Cir. 1969), *Rhodes v. El Rancho Markets,* 4 Ariz. App. 183, 418 P.2d 613 (1966), *Wollerman v. Grand Union Stores, Inc.,* 47 N.J. 426, 221 A.2d 513 (1966), *Mahoney v. J. C. Penney Co.,* 71 N.M. 244, 377 P.2d 663 (1963), and *Forcier v. Grand Union Stores,* 128 Vt. 389, 264 A.2d 796 (1970).

The ruling of the Court of Appeals is reversed and the cause remanded to it for further remand to the trial court and new trial.