Troy Orlando GALLEGOS,
Plaintiff–Appellant,

v.

CITY AND COUNTY OF DENVER, acting By and Through its BOARD OF WATER COMMISSIONERS, a/k/a City and County of Denver Water Department, Defendant–Appellee.

No. 93CA1031.

Colorado Court of Appeals,
Div. I.

Oct. 20, 1994.

As Modified on Denial of Rehearing
Dec. 8, 1994.

Certiorari Granted May 15, 1995.

Montgomery, Green, Jarvis, Kolodny & Markusson, P.C., Dennis H. Markusson, Joyce L. Jenkins, Denver, for plaintiff-appellant.

Patricia L. Wells, General Counsel, Hulbert E. Reichelt, Denver, for defendant-appellee.

Opinion by Judge RULAND.

In an action to recover damages for negligence, plaintiff, Troy Orlando Gallegos, appeals from the judgment entered notwithstanding the verdict in favor of defendant, City and County of Denver Water Department. We reverse and remand with directions to reinstate the jury verdict.

The record reflects that plaintiff walked across a public alley to visit a friend. A water meter pit was located at the rear of the friend's property and adjacent to the alley.

As plaintiff was leaving the site, he stepped on the cover plate for the meter pit. Plaintiff testified that the cover plate gave way and he fell thus suffering injuries resulting in hospitalization and surgery.

The meter pit was approximately four feet deep, and the cover protruded approximately one inch above the surface of the surrounding soil. The cover plate was attached to the meter pit by a lock nut, and pliers were ordinarily required to loosen or tighten the lock nut.

Testimony was presented indicating that a frost plate made of either rubber, aluminum, or cast iron is ordinarily installed a few inches below the cover plate to keep the water meter from freezing. A former employee of defendant testified that, depending on what material is used to construct the plate, it will support the weight of a person stepping on it. However, several witnesses testified that the frost plate was not in place at the time of plaintiff's accident.

One of defendant's employees testified that he had read the meter approximately seven weeks before the accident. To accomplish this task, the employee testified that he removed the lock nut and the cover plate, removed the frost plate, and then read the water meter. After recording the information, the employee returned the frost plate, the cover plate, and then tightened the lock nut. He also testified that he remembered the specific location of this meter pit because of its placement on the rear of the property, because it was above grade, and because it appeared to be situated in a driveway based upon the presence of tire tracks in the area.

The court submitted the question of negligence to the jury which allocated 99% to defendant, 1% to the property owners, and 0% to plaintiff. The jury awarded damages in the amount of approximately $25,000. Defendant then moved for a judgment notwithstanding the verdict, and the trial court granted the motion.

I

█ In support of the judgment, defendant first contends that it was immune from liability under the Colorado Governmental Immunity Act, § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A), and that, therefore, the issue of negligence should not have been submitted to the jury. Plaintiff responds that defendant has waived its right to rely upon the immunity provisions of the Act on appeal because the issue was not properly presented at trial. However, we conclude that defendant may assert this contention in support of the judgment.

█ Generally, an appellee must file a notice of cross-appeal in order for an appellate court to consider an alleged error by the trial court that prejudiced the prevailing party. *See City of Delta v. Thompson,* 37 Colo. App. 205, 548 P.2d 1292 (1975). However, the appellee may assert any theory in support of the judgment which is supported by the record so long as there is no attempt to enlarge the appellee's rights under the judgment entered by the trial court. *See Farmers Group, Inc. v. Williams,* 805 P.2d 419 (Colo.1991). In addition, the issue of subject matter jurisdiction may be raised at any stage of the proceeding. Hence, we conclude that the applicability of the immunity act may be raised here. *See Peaker v. Southeastern Colorado Water Conservancy District,* 174 Colo. 210, 483 P.2d 232 (1971).

In *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916, 924 (Colo. 1993), the supreme court, in discussing §§ 24–10–108 and 24–10–109, C.R.S. (1988 Repl.Vol. 10A) stated:

> Unless a plaintiff complies with the *statutory requirements, including notice,* sovereign immunity bars suit against a public entity for injury which lies or could lie in tort. . . . The terms by which a sovereign . . . consents to be sued must be strictly followed since they 'define [the] court's jurisdiction to entertain the suit.'

(emphasis added)

This court has applied the rule in *Trinity* both to notice issues and to the issue whether immunity has been waived under § 24–10–

106, C.R.S. (1989 Repl.Vol. 10A). *See Fogg v. Macaluso,* 870 P.2d 525 (Colo.App.1993); *Kittinger v. City of Colorado Springs,* 872 P.2d 1265 (Colo.App.1993).

■ While the immunity issue was not presented to the trial court in accordance with the procedure adopted in *Trinity,* the rule in that case permits resolution of the issue on appeal if, as here, it appears that all the relevant evidence on this question was presented in the trial court.

■ Turning then to resolution of this issue on the merits, we conclude that, under the circumstances at issue, the applicable provisions of the Governmental Immunity Act operate as a waiver of immunity for defendant.

Specifically, § 24–10–106(1), C.R.S. (1988 Repl.Vol. 10A) provides that:

> [S]overeign immunity is waived by a public entity in an action for injuries resulting from:
>
> . . . .
>
> (f) The operation and maintenance of any public water facility ... by such public entity.

The term "public water facility" is not specifically defined in the Act. However, a division of this court in *Longbottom v. State Board of Community Colleges & Occupational Education,* 872 P.2d 1253 (Colo.App.1993), relied on *Webster's Third New International Dictionary* 812 to define the statutory term "facility" as follows:

> [S]omething that promotes the ease of any ... operation, transaction, or course of conduct ... *something* (as ... plumbing) *that is* built, constructed, installed, or *established to perform some particular function* or to serve or facilitate some particular end.

(emphasis added)

Here, defendant attempts to isolate the water meter pit and the cover plate from the definition of "public water facility" by characterizing these items as privately owned. We do not view that characterization as dispositive.

In our view, this fact, standing alone, does not exclude these items as part of the "public water facility." It is undisputed that defendant controls the type of pit which may be installed as well as its general location. Denver Water Department Operating Rules 9.05 and 9.051a provide:

> All meters must be located so as to allow free and non-hazardous access at reasonable times for reading, removal, inspection and replacement, and so that the entire supply of water to the premises will at all times be accurately measured. If, at any time, an existing meter location does not conform to the standards enumerated in this section, such installation shall be modified so that it does conform. A remote reading device must be installed when such device is reasonably necessary to eliminate reading estimates.
>
> The specific location of meters installed at customer expense shall be designated by the customer, subject to the approval of the Water Department. Two meter locations which are acceptable to the Water Department are: (1) in a frost proof meter pit or vault within the boundaries of a public street or not more than 5 feet from the property line and adequately protected from the hazards that may surround it. . . .

Next, while the property owner owns the meter, the meter must meet defendant's specifications and must be "located so as to allow free and non-hazardous access at reasonable times for reading, removal, inspection and replacement, and so that the entire supply of water to the premises will at all times be accurately measured." Denver Water Department Operating Rule 9.05. Further, while the maintenance of "privately owned piping, including service pipe and fittings" is the responsibility of the owner, the water meter is excepted from this requirement. *See* Denver Water Department Operating Rule 6.04.

Finally, it is apparent that operation of defendant's water distribution system necessarily requires a metering system for recording water usage in order to charge and collect sums owed by customers for that usage.

Hence, we conclude that defendant's immunity has been waived under the Act be-

cause the meter pit is part of the public water facility.

## II

■ Turning then to the judgment entered, we agree with plaintiff that the trial court erred.

### A

■ The Governmental Immunity Act provides that:

No rule of law imposing absolute or strict liability shall be applied in any action against a public entity or a public employee for an *injury resulting from a dangerous condition of, or the operation and maintenance of, a public water facility....* No *liability* shall be imposed in any such action *unless negligence is proven.*

Section 24–10–106(4), C.R.S. (1988 Repl.Vol. 10A) (emphasis added). Thus, contrary to defendant's contention, the applicable standard of care under the circumstances of this case is one of simple negligence, the theory on which the jury was instructed.

Defendant argues, however, that § 24–10–106.5, C.R.S. (1988 Repl.Vol. 10A) further restricts the duty of care here. We disagree.

This provision provides, in pertinent part, that:

[A] public entity or public employee shall not be deemed to have assumed a duty of care *where none otherwise existed* by the performance of a service....

(emphasis added)

■ While this provision precludes the creation of new duties for public entities or employees, it does not seek to limit prior existing common law duties. *See Burnworth v. Adams County,* 826 P.2d 368 (Colo.App. 1991) (liability of public entities for negligent operation and maintenance of sewer facilities well established prior to the 1986 amendments to the Act); *see also Jensen v. South Adams County Water & Sanitation District,* 149 Colo. 102, 368 P.2d 209 (1962) (water district may be liable for injury resulting from negligence of employee in reattaching water meter cover). Here, as already dis-

cussed above, plaintiff's claims arise out of an actual duty, not merely an assumed duty.

By granting defendant's motion, the court in effect ruled that no inferences could reasonably be drawn from the evidence that defendant had violated any duty to plaintiff.

Here, however, defendant's employee was the last known person to have removed the cover plate and there was evidence upon which the jury could find by legitimate inference that, upon replacing that plate, he did not properly tighten its lock nut. Specifically, on cross-examination, the employee conceded, in effect, that his recollection of tightening the lock nut was based upon the procedure he was trained to follow. Thus, the jury could infer that he did not have a specific independent recollection of tightening this particular lock nut.

Moreover, several witnesses testified that the frost plate was not in place immediately following plaintiff's accident, and thus, the jury was not required to accept the employee's testimony to the contrary.

Finally, there was evidence from which the jury could have found that the meter pit was located in a hazardous area exposed to automobile and foot traffic. This evidence confirmed the need to tighten the lock nut in order to prevent others from being injured by displacement of the protruding meter cover.

Under the circumstances, we conclude that a judgment notwithstanding the verdict should not have been granted. Accordingly, the judgment is reversed, and the cause is remanded with directions to reinstate the jury's verdict.

METZGER and ROY, JJ., concur.