IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ANN P. GORES, | ) | |
| | ) | No. 69819-2-I |
| Appellant/ | ) | |
| Cross-Respondent, | ) | DIVISION ONE |
| | ) | |
| and | ) | |
| | ) | |
| THOMAS C. GORES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SAFEWAY, INC., a Delaware | ) | FILED: March 3, 2014 |
| corporation, | ) | |
| | ) | |
| Respondent/ | ) | |
| Cross-Appellant. | ) | |
| | ) | |

BECKER, J. — The question in this slip-and-fall case is whether the self-service exception to the requirement of notice applies when a shopper slips on egg whites spilled in the dairy aisle of a Safeway grocery store. We conclude the exception does not apply. The plaintiff raises no issue of material fact that would have put Safeway on notice of the egg whites. The trial court properly granted summary judgment to Safeway.

Summary judgment is proper if no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law. CR 56(c); Tavai v. Walmart Stores, Inc., 176 Wn. App. 122, 127, 307 P.3d 811 (2013). To obtain summary judgment, the moving party must first show the absence of an issue of

material fact. Ingersoll v. DeBartolo, Inc., 123 Wn.2d 649, 654, 869 P.2d 1014 (1994). This court's review is de novo, and we construe all facts and reasonable inferences in the light most favorable to the nonmoving party. Tavai, 176 Wn. App. at 127 (citations omitted).

The plaintiff, Ann Gores, visited a Bellevue Safeway to buy a few grocery items on December 2, 2010. According to her declaration, Gores walked down the store's dairy aisle to pick up a carton of eggs. Along one side of the aisle was a large cooler with perishable products like eggs, yogurt, and cheese, and on the other side was a large freezer with ice cream and other frozen goods. After putting a carton of eggs in her shopping basket, Gores turned to walk away, slipped, and fell. According to Gores, she fell hard on both knees. While on the floor, she noticed puddles of a clear liquid. Edward Perry, another shopper in the dairy aisle, offered to help Gores stand up. She managed to get up on her own.

Gores picked up another item or two before heading to the check-out stand. There, she reported her fall to a cashier and told her about the liquid on the floor. The cashier summoned the store's assistant manager, Casey Henrickson. Gores told Henrickson about the fall, gave her contact information, and pointed to Perry, the shopper who had seen her on the ground and was then at the check-out stand. Store employees helped Gores to her car with her groceries. Shortly after Gores reported her fall, store personnel took photographs of the area where Gores fell. Safeway produced the photographs in discovery, which included a picture of an egg carton that was out of place.

Gores claims that after she returned home, her knees began to swell,

2

throb, and stiffen. Tests done by an orthopedist showed Gores had torn the meniscus in both knees. Gores had physical therapy and injections to her knees for nearly a year and eventually had to have surgery on both knees.

Gores sued Safeway for negligence. In November 2012, Safeway successfully moved for summary judgment. Gores appeals.

The duty to exercise reasonable care to protect business invitees from harm is triggered upon the invitee's showing that the owner of the premises had actual or constructive notice of the hazardous condition. O'Donnell v. Zupan Enters., Inc., 107 Wn. App. 854, 858, 28 P.3d 799 (2001), review denied, 145 Wn.2d 1027 (2002). Constructive notice arises where a condition has existed for such time as would have afforded the proprietor sufficient opportunity, in the exercise of ordinary care, to inspect the premises and remove the danger. Ingersoll, 123 Wn.2d at 652. Ordinarily, it is a question of fact for the jury whether, under all of the circumstances, a defective condition existed long enough so that an owner exercising reasonable care would have discovered it. Fredrickson v. Bertolino's Tacoma, Inc., 131 Wn. App. 183, 189, 127 P.3d 5 (2005), review denied, 157 Wn.2d 1026 (2006).

The store manager, Patricia Johnson, testified that employees inspect or "sweep" (i.e., "view") the store, including the aisles, about every half-hour. Gores has not introduced evidence that Safeway's inspection routine is inadequate. There is no basis for submitting the issue of constructive notice to a jury unless there is "some evidence from which it could infer" that the routine inspections were not adequate because the particular risk required greater vigilance. Carlyle

3

v. Safeway Stores, Inc., 78 Wn. App. 272, 278, 896 P.2d 750, review denied, 128 Wn.2d 1004 (1995).

Gores contends, however, that she raised a genuine issue of material fact concerning constructive notice by showing that Safeway committed spoliation of evidence. Safeway did not preserve surveillance camera footage or handwritten "sweep" logs, temporary sign-off sheets from the time period in question. She claims Safeway's motion for summary judgment should have been denied as a sanction for spoliation, citing Pier 67, Inc. v. King County, 89 Wn.2d 379, 385-86, 573 P.2d 2 (1977).

Spoliation is the intentional destruction of evidence. Henderson v. Tyrrell, 80 Wn. App. 592, 605, 910 P.2d 522 (1996). In deciding whether to apply a spoliation inference, this court uses two general factors: (1) the potential importance or relevance of the missing evidence and (2) the culpability or fault of the adverse party. Henderson, 80 Wn. App. at 607. None of the store surveillance cameras covered the area where Gores fell. See Tavai, 176 Wn. App. at 135-36. And Safeway had no duty to keep the handwritten logs, which were merely temporary assignment sheets that were compared to inspections that are logged in by time clock to create Safeway's official record of inspections. The time clock evidence was available, and it showed that a Safeway employee inspected the aisle about 10 minutes before Gores' fall. In any event, there is no basis for a finding that Safeway intentionally destroyed the handwritten sheets. We reject Gores' argument that an adverse inference must be drawn from Safeway's handling of evidence.

Gores testified that Debbie Getz, Safeway's risk management representative, contacted her soon after the fall and told her that a security video showed Safeway had swept the floor 10 minutes before her fall. Gores contends this statement supports her spoliation claim because it undermines Safeway's claim that there was no relevant surveillance camera footage. We disagree. Gores does not rebut the actual evidence showing that the store security cameras were not pointed at the location where she fell.

Getz is the adjuster who investigated the claim on behalf of Safeway. Gores took her deposition and obtained information about what Getz had done to locate evidence and comply with Gores' discovery requests. Gores then gave notice that she wanted to depose Getz a second time. The trial court granted Safeway's request for a protective order which prevented Gores from taking a second deposition of Getz. Gores contends this order was an abuse of discretion and that it unfairly prevented her from asking Getz about the statements she allegedly made to Gores disclaiming Safeway's liability and repeating what witnesses told her. This argument is without merit. Getz was merely an adjuster; she had no personal knowledge about the events that allegedly created liability for Safeway. Gores fails to show that Getz had relevant evidence to offer that would have justified a second deposition.

Some of the evidence Safeway relies on was presented to the trial court in a declaration ("Second Declaration of Patricia Johnson") accompanying its reply on summary judgment. Gores contends the trial court abused its discretion by denying Gores' motion to strike that declaration. We disagree. Filing of rebuttal

evidence is allowed by CR 56. The declaration did not raise a new issue. The declaration was responsive to the spoliation argument raised in Gores' response brief. See White v. Kent Med. Ctr., Inc., 61 Wn. App. 163, 168, 810 P.2d 4 (1991).

In summary so far, Gores does not create an issue of material fact showing that Safeway had actual or constructive notice that there were egg whites on the floor at the time of Gores' visit. The question, therefore, is whether the facts of this case bring it within an exception to the notice requirement provided in Pimentel v. Roundup Co., 100 Wn.2d 39, 666 P.2d 888 (1983). The plaintiff need not prove notice "when the nature of the proprietor's business and his methods of operation are such that the existence of unsafe conditions on the premises is reasonably foreseeable." Pimentel, 100 Wn.2d at 49. This is the so-called "self-service" or Pimentel exception. O'Donnell, 107 Wn. App. at 858. The rationale for the rule is that "'when the operating methods of a proprietor are such that dangerous conditions are continuous or easily foreseeable, the logical basis for the notice requirement dissolves.'" Pimentel, 100 Wn.2d at 47-48, quoting Jasko v. F.W. Woolworth Co., 177 Colo. 418, 420-21, 494 P.2d 839 (1972). Gores contends the Pimentel exception applies and precludes summary judgment.

"The Pimentel exception is a narrow one, limited to specific unsafe conditions in specific areas that are inherent in the nature of self-service operations." Arment v. Kmart Corp., 79 Wn. App. 694, 698, 902 P.2d 1254 (1995) (exception did not apply to drink spilled in the menswear department.)

6

Where Pimentel applies, the law charges the proprietor with actual knowledge of the foreseeable risks inherent in the self-service mode of operation. But Pimentel does not apply to the entire area of a store in which customers serve themselves; there must be a relation between the hazardous condition and the business' self-service mode of operation. Carlyle, 78 Wn. App. at 277.

In Carlyle, the plaintiff slipped on shampoo spilled in the coffee section of a Safeway. The court affirmed summary judgment because unsafe conditions were not reasonably foreseeable in the area where the customer fell. The plaintiff failed to produce evidence to justify application of Pimentel. "The mere presence of a slick or slippery substance on a floor is a condition that may arise temporarily in any public place of business." Carlyle, 78 Wn. App. at 277; see also Wiltse v. Albertson's, Inc., 116 Wn.2d 452, 459-60, 805 P.2d 793 (1991) (no liability for store where plaintiff slipped and fell on water that came from a leak on the store's roof). The Pimentel exception did not apply to a slip-and-fall on ice cream spilled in the common area of the Tacoma Mall, Ingersoll, 123 Wn.2d at 653-55, or to a slip-and-fall on water 15 feet from a check-out counter, Tavai, 176 Wn. App. 122.

In O'Donnell, the court did apply the Pimentel exception to excuse the plaintiff from proving that the grocery store where she slipped had knowledge of the hazardous condition that led to her injury. In that case, the plaintiff slipped and fell on a piece of produce that was on the floor in the check-out aisle. There was evidence that it is not unusual for items such as grapes and blueberries to fall on the floor while the customers unloaded their items from their carts onto the

7

conveyor belt at the check-out stand. O'Donnell, 107 Wn. App. at 857.

This case is not like O'Donnell. Gores posits that customers sometimes open egg cartons to inspect the eggs, creating the risk that eggs will fall on the floor and break. But she has produced no evidence that the risk is recognized, and no facts from which a jury could determine that the risk is reasonably foreseeable as a consequence of the way the store displays eggs.

Gores did submit the declaration of Tom Baird, a floor safety technician. He testified that Safeway could have put an absorbent mat down as some stores do. Gores claims that the trial court erred by striking Baird's declaration. "In the context of a summary judgment motion, an expert must support his opinion with specific facts, and a court will disregard expert opinions where the factual basis for the opinion is found to be inadequate." Rothweiler v. Clark County, 108 Wn. App. 91, 100, 29 P.3d 758 (2001), review denied, 145 Wn.2d 1029 (2002). Baird's declaration offered legal advice, was conclusory, and had an inadequate factual basis. The court properly refused to consider it.

As the trial court observed, allowing customers to pick up their own cartons of eggs is different from setting up a self-serve soup station. "Otherwise, you would be saying, 'Well, we know people drop things when they take them off the shelf, so, therefore, Pimentel would apply in every case.' And it clearly doesn't."

We conclude the trial court properly granted summary judgment to Safeway. In view of our conclusion, it is unnecessary to address Safeway's cross appeal and Safeway's objection to Gore's reply brief.

8

Affirmed.

WE CONCUR:

_Becker, J._

_Leach, C. J_          _Appelwick, J_