No. 14,574.

PEOPLE EX REL. COOVER *v.* GUTHNER, EX OFFICIO SHERIFF OF THE CITY AND COUNTY OF DENVER ET AL.

(94 P. [2d] 699)

Decided September 18, 1939.

Mr. JAMES T. BURKE, Mr. TRUMAN A. STOCKTON, JR., for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. ROBERT J. KIRSCHWING, Mr. EDGAR McCOMB, Mr. MARK H. HARRINGTON, for defendants in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION by the people on relation of Harry H. Coover against named officials of the City and County of Denver and their bondsmen to recover damages for the death of George H. Coover, son of relator, occurring while the latter was confined in the city jail and occasioned, as it is alleged, by the wrongful, unlawful and wanton conduct of said city officials. Motions to make the complaint more specific and to strike it from the files were presented by defendants and granted by the trial court. While the cause was pending defendant Clennan, warden of the jail, died and the action was dismissed as to him and his bondsmen without objection. An amended complaint was subsequently filed to

which a general demurrer was interposed and sustained, and plaintiff electing to stand on the complaint as amended, judgment of dismissal was duly entered, to review which the cause is brought here by writ of error.

The bill of particulars concerning the alleged wrongful death of young Coover recites: "The defendants placed the minor child of the relator in an apartment in the county jail on the 28th of February, 1938, which said apartment contained hardened criminals and at that time or later, delegated certain prisoners confined with the said minor child as overseers of the aforementioned apartment. That on numerous occasions, too numerous to be set out in detail, the minor child was subjected to beatings from those prisoners delegated to oversee and maintain order in the said apartment. That he was, from time to time during the period between February 28 and March 13, 1938, the day of his death forced to 'stand on the line' meaning that he was forced to stand against a wall with arms stretched horizontally and forced to maintain that position until his said arms dropped from sheer exhaustion; that when the said minor child permitted his arms to drop to his sides, he was struck, beaten and whipped by those prisoners placed in authority over him. He was forced to submit to beatings with a leather strap and that upon the particular day of his death, to wit, March 13, 1938, one of the prisoners aforementioned as one delegated to maintain order and discipline beat him so unmercifully that he became unconscious and the said prisoner or prisoners then dragged him into the shower to revive him. That prior to the day of his death and on the day of the death of the said minor child one of the instruments of punishment used was a heavy leather strap with brass buttons on it."

The allegations in the amended complaint on which the cause of action was grounded are as follows:

"That between the dates of February 28, 1938, and March 13, 1938, while said George H. Coover was con-

fined in said county jail the defendants, Thomas H. Clennan and William E. Guthner, negligently disregarded their official duties by: 1. Confining the said George H. Coover in an apartment in said jail with hardened criminals. 2. Permitting other prisoners to strike, whip, beat and otherwise mistreat the said George H. Coover. 3. Failing to provide medical assistance for said George H. Coover after the said mistreatment. 4. Failing to prevent acts of sexual bestialty forced upon said George H. Coover by other prisoners; and 5. Setting other prisoners up as disciplinarians of said apartment and authorizing them to maintain order by means of corporal punishment."

The statutory provisions upon which reliance is placed as a basis for recovery are as follows:

"Each sheriff may appoint such and so many deputies as he may think proper, for whose official acts, and those of his undersheriff, he shall be responsible, and may revoke such appointments at his pleasure; and persons may also be deputized by such sheriff or undersheriff in writing, to do particular acts, and the sheriff and his sureties shall be responsible on his official bond for the default or misconduct of his undersheriff and deputies." Vol. 2, c. 45, §99, '35 C. S. A., C. L. §8752.

"The sheriff shall have charge and custody of the jails of his county, and of the prisoners in the same, and shall keep them himself, or by his deputy or jailer, for whose acts he and his sureties shall be liable." Vol. 2 c. 45, §101, '35 C. S. A., C. L. §8754.

"The sheriff of the county in person or by deputy for that purpose appointed, shall be the keeper of the county jail. He shall be responsible for the manner in which the same is kept; he shall see that the same is kept clean, safe and wholesome; and the expenses of keeping the jail in good order and repair, of lighting and warming that part thereof wherein prisoners are confined, and the office in the jail, shall be paid by the county wherein the jail is situated. But nothing herein shall

authorize the lighting or warming that part of the jail occupied by the keeper thereof as his dwelling house." Vol. 3, c. 91, §2, '35 C. S. A., C. L. §8873.

"Juvenile prisoners shall be treated with humanity and in such manner as will promote their reformation; they shall be kept in apartments separate from those containing more experienced and hardened criminals; the visits of parents, guardians and friends, who desire to exert a moral influence over them, shall at all reasonable hours be permitted." Vol. 3, c. 91, §22, '35 C. S. A., C. L. §8893.

It is to be noted that by the amended complaint defendant Guthner is personally charged with the alleged wrongs. We are of the opinion that this pleading, as to the charges of wrongdoing on the part of Guthner, was not vulnerable to a general demurrer; that such charges were well pleaded and that justice and established rules of law require that they be answered.

The judgment as to defendants Clennan and American Surety Company of New York, a corporation is affirmed; as to the other defendants, it is reversed, and the cause remanded with instructions to overrule the demurrer to the amended complaint.