Leslie G. SEELEY, Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS FOR La PLATA COUNTY, COLORADO; Alvin Brown, Sheriff of La Plata County, Colorado; and Sheriff's Department of La Plata County, Colorado, Defendants.

Civ. A. No. 86–K–1141.

United States District Court, D. Colorado.

March 9, 1987.

Sander N. Karp, Karp & Dodge, and Theodore A. Borrillo, Denver, Colo., for plaintiff.

Cathy S. Harris, Hall & Evans, Denver, Colo., Steven Zwick, Durango, Colo., for Bd. of Cty. Commissioners.

Michael E. McLachlan, Shand, McLachlan & Malick, Durango, Colo., for Alvin Brown & Sheriff's Dept.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a case based upon civil rights and contract claims. Jurisdiction is asserted under 28 U.S.C. §§ 2201 and 2202; 28 U.S.C. § 1342(3), (4); and 42 U.S.C. § 1983 (plaintiff's complaint, p. 1).

On July 24, 1986, defendants filed a motion to dismiss all claims against them under Rule 12, Fed.R.Civ.Proc. On July 25, 1986, defendants filed a motion for summary judgment under Rule 56, Fed.R.Civ. Proc. I now rule on these motions.

## I.

### STATEMENT OF FACTS

Before June 6, 1985, Leslie G. Seeley was employed as a deputy sheriff by defendant Alvin Brown, La Plata County Sheriff. On June 5, 1985 Seeley allegedly assaulted a county jail inmate. On June 6, 1985 Seeley was placed on leave with pay, pending an investigation by the La Plata district attorney's office and the Colorado Bureau of Investigation.

The distict attorney's office filed criminal charges against Seeley on June 21, 1985. Sheriff Brown suspended Seeley the same day. His suspension was without pay. At Deputy Seeley's October 8, 1985 preliminary hearing probable cause was found to try him for assault of the inmate. Sheriff Brown terminated Seeley's employment on October 18, 1985.

Seeley's formal letter of termination from Sheriff Brown read, in part, as follows:

Under Section V, A, 6 of the Sheriff's Policy and Procedures Manual, all members shall observe and obey all rules and policies of this department. Under Section V, A, 7, the department does not have to establish the violation by formal conviction.[1]

A copy of the Policy and Procedures Manual is attached to his affidavit as "exhibit 1". Section V, A, 6 requires all deputies to obey all laws, ordinances, departmental policies, rules, and orders. The section presumes that each deputy is familiar with the rules or policies contained in the Manual. Section V, A, 7 states:

**ESTABLISHING ELEMENTS OF VIOLATION.**

The existence of facts establishing a violation of the law or ordinance [sic.] is all that is necessary to support any allegation of such as a basis for a charge under Section VII. *It is not necessary that a formal charge be filed or sustained.* [emphasis added]

Section VII concerns discipline, suspension from duty, and investigation of complaints.

Seeley later stood trial on the criminal charges and was acquitted by a jury on December 13, 1985.

Seeley contends his termination from the La Plata County Sheriff's Department denied him of "liberty and property without

---

**1.** Letter from Sheriff Brown to Mr. Seeley, October 18, 1985. August 26, 1986 affidavit of plaintiff, "exhibit 4".

due process of law and the right to equal protection of the laws ..."[2] He claims he has been unable to secure employment in the field of law enforcement because of his expulsion from the department. He prays for damages in the form of lost wages and income, diminution in earning capacity, loss of benefits, and other damages. He also requests injunctive relief and attorney fees.

## II.

### STANDARD OF DECISION

The established litany tells us that summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.Proc. In determining the existence of any genuine issue of material fact, the record is construed in the light most favorable to the party opposing the motion. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir.1980). However, the adverse party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e).

For the defendant to prevail on a motion to dismiss under Rule 12(b)(6), Fed.R.Civ. Proc., it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976). All facts must be construed in favor of the plaintiff. *Gardner v. Toilet Goods Ass'n*, 387 U.S. 167, 172, 87 S.Ct. 1526, 1528, 18 L.Ed.2d 704 (1967). So long as the plaintiff may offer evidence to support a legally recognized claim for relief, the motion to dismiss should be denied. *Brezinski v. F.W. Woolworth*, 626 F.Supp. 240, 241–242 (D.Colo.1986); *Conley*.

## III.

### CONCLUSIONS OF LAW

This case requires me to determine whether an elected Colorado County Sheriff may terminate one of his deputies without a formal hearing. Necessarily, I must determine whether a deputy sheriff in Colorado has a protectable liberty or property interest in his position sufficient to invoke protection under the Fourteenth Amendment to the United States Constitution.

### A. Strict scrutiny standard is inapplicable.

■ Equal protection issues warrant strict scrutiny of a classification only when the right interfered with is fundamental, or the group of persons adversely effected are members of a suspect class. *San Antonio School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Plaintiff's situation does not involve a suspect classification. Further, it is settled the right to government employment is not fundamental per se. *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). Seeley's right to employment with the La Plata County Sheriff's Department is not a fundamental right.

### B. Plaintiff's liberty interest.

Seeley's first claim is that he has a protectable liberty interest in his former position as a deputy sheriff in La Plata County. Seeley cites *Codd v. Velgar*, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977) (per curiam) in support of his protectable liberty interest proposition. Seeley contends his discharge from the sheriff's department has stigmatized him in the eyes of law enforcement agencies, making employment difficult to secure.

In *Codd*, a policeman's employment was terminated by the New York Police Department because he had allegedly put a gun to his head in an apparent suicide attempt.

---

**2.** Plaintiff's complaint, p. 4–5.

**1312**

The incident was mentioned in his personnel file. The plaintiff later secured employment in another police department. The second department then terminated the officer when it received his personnel file from the NYPD pursuant to a valid release. The United States Supreme Court denied plaintiff's claim that due process considerations entitled him to a hearing. The Court found that the only purpose of such a hearing would be to provide the plaintiff with an opportunity to clear his name if the substantial truth of the allegation was in question. If the substantial truth of the allegation is not in question, no hearing is required. *Codd, supra.*

The Tenth Circuit cites *Codd* for the proposition that:

In order to state a claim for deprivation of a liberty interest under 42 U.S.C. § 1983, the plaintiff must allege that the stigmatizing or defamatory statement was false.

*Lentsch v. Marshall,* 741 F.2d 301, 303 (10th Cir.1984) (*citing Codd, supra* ).

■ In analyzing Mr. Seeley's claim that a protectable liberty interest has been abbrogated in the form of employment stigmatization, two factors are important. First, both parties have supplied exhibits which consistently indicate Sheriff Brown terminated Seeley because *he was formally bound over for trial on criminal charges,* not because he felt Seeley was guilty of the charges. Plaintiff does not refute this fact in any of his briefs. In fact, the briefs and exhibits show Sheriff Brown testified on Seeley's behalf during his criminal trial. Plaintiff's exhibit 4—the letter of termination from Sheriff Brown to Mr. Seeley—states that Seeley is being discharged because a judge found probable cause to try him on criminal charges. Plaintiff offers a newspaper article which states, "Brown said he was following department policy by firing Seeley once he was bound over for trial." *Pine River Times,* October 24, 1985, (offered as plaintiff's exhibit 6). These public statements by Sheriff Brown are not stigmatizing since they are not

false accusations. Plaintiff admits he was, in fact, bound over for trial on criminal charges. No one likes the man who is the bearer of bad news.[3] The issue before me is not whether Seeley actually committed criminal assault. That issue was the subject of the plaintiff's criminal trial. Rather, the issue is whether Sheriff Brown made false statements concerning Mr. Seeley. He did not.

Secondly, Seeley was effectively allowed a due process opportunity to "clear his name" publicly (*Codd,* 429 U.S. at 627, 97 S.Ct. at 884, 51 L.Ed.2d at p. 96). His jury trial constituted this opportunity. He cleared his name when he was exonerated of the criminal charges on December 13, 1985. Clearly any stigma which exists can be effectively mitigated if Mr. Seeley alerts potential employers to the results of his jury trial. Seeley's liberty interests have, therefore, not suffered with the contemplation of the *Codd, supra,* and *Lentsch, supra,* decisions.

**C. Plaintiff's property interest in his employment.**

■ Nowhere is support found for Seeley's contention that he has a property interest in his position as a deputy sheriff in La Plata County. In *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the plaintiff was an untenured university professor who was found to have no due process right to a hearing regarding his dismissal after one year. The opinion states:

Hence, on the record before us, all that clearly appears is that the respondent was not rehired for one year at one university. It stretches the concept too far to suggest that a person is deprived of 'liberty' when he simply is not rehired in one job but remains free as before to seek another (*citing Cafeteria Workers v. McElroy,* [367 U.S. at 895–896, 81 S.Ct. at 1748–1749] 6 L.Ed.2d at 1236).

In *Roth, supra,* the Court found "the range of interests protected by procedural

**3.** Sophocles, "Antigone".

due process in not infinite." *Roth* at 570, 92 S.Ct. at 2705, 33 L.Ed.2d 548, 557. In order to acquire a property interest in a job, the employee "must have more than a unilateral expectation of [continued employment]. He must, instead, have an outright entitlement to it." *Roth, supra,* at 577, 92 S.Ct. at 2709, 33 L.Ed.2d 548, 561.

Seeley presents no employment contract entitling him to an explicit term of employment. In absence of an employment contract, Seeley contends he was a county officer entitled to due process protections under Colo.Rev.Stat. § 30–10–105(1)(b) and Colo.Rev.Stat. § 30–10–105(3) and thereunder entitled to statutory reinstatement and backpay. Since these statutes explicitly apply only to county officers, in order to fall within their language, Seeley must demonstrate the position of deputy sheriff is a county office.

Article X of Title 30 of the Colorado Revised Statutes (1986) cross references §§ 6 and 8 of Article XIV of the Colorado Constitution (see Colo.Rev.Stat., 1986 ed., p. 286). County officers are discussed in COLO. CONST. art. XIV, § 6. This section describes the method of election and terms of office applicable to county officers. No mention is made of deputy sheriffs in § 6. COLO. CONST. art. XIV, § 8, entitled, "County officers—election—term—salary," specifically enumerates the following: one county clerk, one sheriff, one treasurer, one county superintendent of schools, one county surveyor, one county assessor, and one county attorney. These officers may be elected or appointed for a specific term. All of these enumerated county officers serve a term of four years. Finally, COLO. CONST. art. XIV, § 12, states:

Other officers. The general assembly shall provide for the election or appointment of such other county officers and such municipal officers of statutory cities and towns as public convenience may require; *and their terms of office shall be prescribed by statute.* [emphasis added]

Later amendments to § 12 added the position of public trustee to the list of county officers.

■ The list of county officers is quite specific and their terms of office must be prescribed by statute (COLO. CONST. art. XIV, §§ 6, 8, 12). Seeley cites no authority for the proposition that a deputy sheriff is a "county officer" under either the Colorado Constitution or Title 30 of the Colorado Revised Statutes. Further, a deputy sheriff does not serve a specific term as does the county sheriff or any other county officer. A deputy sheriff is not a county officer within the meaning of the Colorado Constitution or Title 30. He is, more accurately, a county employee, serving under the sheriff, who is a county officer. The fact that county officers are elected or appointed for specific terms lends legitimizes and differentiates the special treatment accorded them under the Colorado Constitution and Title 30.

### D. Colo.Rev.Stat. § 30–10–506 (1986).

Colo.Rev.Stat. § 30–10–506 (1986) states: Deputies—liability of sheriff. Each sheriff may appoint as many deputies as he may think proper, for whose official acts and those of his undersheriff he shall be responsible, and *may revoke such appointments at his pleasure.* Persons may also be deputized by such sheriff and undersheriff in writing to do particular acts; the sheriff and his sureties shall be responsible on his official bond for the default or misconduct of his undersheriff and deputies.

[emphasis added]

■ The power of the county sheriff to hire and fire deputies "at his pleasure," (Colo.Rev.Stat. § 30–10–506) walks in tandem with his personal liability for their actions, *People ex. rel. v. Gunther,* 105 Colo. 37, 94 P.2d 699. As the statutory language indicates, the county sheriff must post official bond for default or misconduct of his sureties. The sheriff must retain a certain amount of policy-making autonomy to ensure his deputies conduct themselves in a professional manner when on duty.

Sheriff Brown's policy of summarily dismissing deputies bound over on criminal charges is both within his statutory power, and within the spirit of Colo.Rev.Stat. § 30–10–506 (1986).

### E. Counties operating under home rule charter.

■ The powers of a sheriff to revoke appointments may be superseded if the county is administered pursuant to a home rule charter, under Article XX of the Colorado Constitution.[4] Counties which have adopted a home rule charter *may* make personnel policies which modify the broader language of Colo.Rev.Stat. § 30–10–506 (1986).

In *City and County of Denver v. Rinker*, 148 Colo. 441, 366 P.2d 548 (1961), deputies appointed by the Denver County Sheriff were held subject to the City's Career Service Amendment. The court held COLO.CONST. art. XX, gave city and county legislators the power, "to determine the method by which the sheriff may appoint, demote, or discharge his deputies or jailers." *City and County of Denver, supra,* 366 P.2d at 552. *See also Board of County Commissioners of County of Weld v. Andrews,* 687 P.2d 457 (Colo.App.1984).

All relevant caselaw cited by Seeley concerns home rule counties. La Plata County, however, does not operate under a home rule charter. Accordingly, these cases are inapplicable. Plaintiff's contention that the Board of County Commissioners may supersede the statutory power of the sheriff in a non-home rule county is contrary to established law.

### F. Pendent jurisdiction.

Plaintiff's contract claims relating to the La Plata County Sheriff's Department Policy and Procedures Manual are sketchy and underdeveloped. Under *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), I may, at my discretion, exercise pendent jurisdiction

over some or all state claims. These are claims which are both state and federal in substance, but are derived from a common nucleus of operative facts. The exercise of pendent jurisdiction promotes judicial economy, and plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding. *Gibbs, supra,* at 725, 86 S.Ct. at 1138.

Pursuant to my discretion, I dismiss plaintiff's complaint on the issue of the Manual as an implied contract. I note in passing, however, that if plaintiff bases his implied contract claims solely on Section VII, G, 1 of the Policy and Procedures Manual (plaintiff's exhibit 1), his claims are without merit. The language of Section VII, G, 1 does call for an investigation and findings. The Manual only requires the most unilateral of investigations, however, and the sheriff's department is in compliance with the findings requirement (see plaintiff's exhibit 4).

### IV.

### CONCLUSION

According to plaintiff's and defendants' affidavits and exhibits, Sheriff Brown maintained a policy of discharging deputies if a judge found probable cause to bind them over for criminal trial. Seeley does not appear, in accordance with the affidavits, to be the victim of a personal vendetta or to have been "framed". Seeley is not permanently ostracized from the law enforcement field because of this incident.

Colo.Rev.Stat. § 30–10–506 (1986) makes the sheriff responsible for the action of his deputies. He must post bond to cover liability which could result from their misconduct. Finally, the language and application of § 30–10–506 gives the sheriff power to revoke the appointment of deputies at his pleasure. Unless a county home rule charter acts to supersede the sheriff's statutory authority, it remains intact. La Plata

---

**4.** COLO. CONST., art. XX, § 6 provides that a town with a population of at least two thousand may conduct and control, *inter alia,* the terms

and tenure of municipal officers, agents, and employees, if the electorate so chooses.

County does not operate under a home rule charter.

I decline, however, to exercise pendent jurisdiction over plaintiff's state law claims dealing specifically with any implied contracts between plaintiff and the La Plata County Sheriff's Department resulting from its departmental policy manual.

IT IS THEREFORE ORDERED THAT:

1. Defendants' motion for summary judgment is granted with respect to all claims, except those involving the La Plata County Sheriff's Policy and Procedures Manual and any implied contract which that manual might form between plaintiff and defendant.

2. Plaintiff's complaint is dismissed with regard to implied contract claims arising from the La Plata County Sheriff's Policy and Procedures Manual, without prejudice to file in state court.