**Richard JACKSON, Plaintiff,**

v.

**Doyle T. JOHNS, Jr., et al., Defendants.**

**No. 88–C–824.**

United States District Court,
D. Colorado.

June 8, 1989.

Charles Welton, Denver, Colo., for plaintiff.

Cathy S. Harris, and Diane L. Vaksdal, Hall & Evans, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff, a former employee of the Logan County, Colorado Sheriff's office, has filed this action asserting claims for violation of civil rights and conspiracy to violate civil rights under 42 U.S.C. § 1983. Although two of the plaintiff's constitutional claims additionally are labeled breach of employment contract (Count One) and interference with contract (Count Two), it is not clear whether pendent state claims are being asserted. Defendants are Doyle T. Johns, the District Attorney for the Thirteenth Judicial District of the State of Colorado; Donald Bollish, the Sheriff of Logan County, Colorado; Roger Nixt, the County Attorney for Logan County, Colorado; the County of Logan; the Board of County Commissioners for the County of Logan; and the Personnel Board of the County of Logan, Colorado.

Defendants have filed a motion to dismiss the action, or in the alternative, for summary judgment. Plaintiff has responded by opposing the motion.

The parties have fully briefed the issues and oral argument would not materially assist my decision. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343. Since I have considered matters outside the pleadings, I shall construe the defendants' motion as seeking summary judgment pursuant to Rule 56(c), Fed.R.Civ.P. Plaintiff will not be prejudiced since he has attached several documents in support of his responsive brief.

The following background information is pertinent. Plaintiff was employed by the Logan County Sheriff's office from 1979 to 1986. He was initially employed as a jailer/dispatcher but was promoted to road deputy and investigator.

Plaintiff was assigned to investigate a theft case, People v. Olivia Arredondo, aka Lily Arredondo, 84 CR 4. The complainant, Sterling Industrial Bank, had alleged that, on September 14, 1983, Olivia Arredondo had tendered a fraudulently endorsed check and had received $600 in cash for it.

On October 7, 1983, the plaintiff interviewed bank teller Diana Luthi, who had cashed the check and was an eyewitness to the incident. Ms. Luthi described the woman who cashed the check as Mexican, thin-built, five feet three to five feet four inches tall, with hair worn in a pony tail, and at least seven months pregnant.

On October 10, 1983, the plaintiff's brother, Deputy Sherriff Ed Jackson, also employed by the Logan County Sheriff's office, photographed Olivia Arrendondo. Ms. Arrendondo is a Mexican female who is five feet two inches tall and weighs 170 pounds. Plaintiff subsequently showed to Ms. Luthi a photograph depicting a heavy-set Mexican female. Although Ms. Luthi advised the plaintiff that the woman depicted in the photograph was not the same person who cashed the check, Luthi's statements were not reported to the District Attorney's office. After further investigation, the plaintiff prepared an affidavit for an arrest warrant for Olivia Arredondo. Ms. Luthi's statement regarding the physical differences between Ms. Arredondo and the woman who cashed the check was not included in the affidavit.

When Deputy District Attorney Mark Miner began preparing the case for trial in October or November 1984, he interviewed Diana Luthi, learning for the first time that there was some question about the defendant Arredondo's identity. Miner consulted the defendant District Attorney Johns,

who reviewed the plaintiff's investigation file. Defendant Johns discovered not only the discrepancies regarding Ms. Arredondo's identification, but also a report that appeared to exonerate Ms. Arredondo.

In his responsive brief, the plaintiff denies any wrongdoing in the Arredondo case. Plaintiff asserts that his investigation suggests that one person fraudulently endorsed the check and another person presented the check for payment to the bank. He further contends that the defendant Johns failed to confront him regarding the matter and that Johns' review of his (the plaintiff's) investigative file was inappropriate and beyond the scope of Johns' authority. Thus, the parties substantially disagree as to the inferences to be drawn from the facts surounding the Arredondo matter.

In their brief, the defendants discuss another matter investigated by the plaintiff that involved the alleged sexual abuse of children. According to the defendants, the plaintiff again withheld exculpatory information from District Attorney Johns. Plaintiff has set forth another version of the facts regarding this investigation and the facts concerning this incident are disputed.

In his capacity as District Attorney, the defendant Johns wrote two letters to the defendant Bollish, dated May 17, 1985 and May 30, 1985. Both criticized the plaintiff's work performance. In the second letter, the defendant Johns stated his belief that the plaintiff's work product was untrustworthy and requested that all future reports be verified by other officers.

After receiving the May 30 letter, the defendant Bollish met with other officers to discuss the plaintiff's work. Defendant Bollish advised the plaintiff that his work had to be independently verified before it would be accepted by the District Attorney's office.

Approximately seven months later, on January 13, 1986, the plaintiff complained in writing to the defendant Bollish about the defendant Johns. Defendants allege that on or about March 25, 1986, the plaintiff verbally tendered his resignation and it was accepted by the defendant Bollish. It appears undisputed that on March 25, 1986, the plaintiff returned all of his departmental equipment, including his revolver as well as his identification and commission cards, to the Sheriff's office.

On or about May 30, 1986, the plaintiff allegedly asked to return to the Logan County Sheriff's office staff as a road deputy. Defendant Bollish declined this request.

Next, on or about June 2, 1986, the plaintiff filed, with the defendant Board of County Commissioners, a grievance against Bollish. Plaintiff asserts that he was fired by the defendant Bollish on June 4, 1986. Bollish subsequently notified the plaintiff that his separation from the Sheriff's office would be final on June 18, 1986, the date that the plaintiff exhausted his accumulated vacation and compensation time.

When the defendants Board of County Commissioners and County Attorney Nixt became aware of the plaintiff's separation from employment, the defendant Nixt contacted the defendant Bollish to ascertain whether the plaintiff had requested or waived an administrative hearing. Defendant Bollish advised that he believed that the plaintiff had voluntarily resigned and that he, Bollish, had the statutory authority not to rehire him. Defendant Board of County Commissioners rejected Bollish's position and ordered the Personnel Board for Logan County to convene. Defendant Nixt informed the Personnel Board that it should seek the advice of an independent attorney in order to preserve its impartiality and avoid possible conflicts of interest.

Plaintiff's grievance apparently proceeded according to administrative procedures outlined in an employee manual applicable to Logan County employees. A hearing on the plaintiff's grievance was scheduled for July 29, 1986, but was continued, allegedly because the defendant Johns failed to timely provide discovery to the plaintiff.

The Personnel Board convened on December 4, 1986 to hear the plaintiff's grievance. Defendants Nixt, Bollish, Johns and members of the Board of County Commis-

sioners did not attend the hearing. The Personnel Board determined that the Sheriff had signed and adopted the Logan County personnel manual's provisions, and that the plaintiff had been discharged without compliance with the manual's procedures.

Plaintiff through his attorney requested that he be reinstated as Sheriff's Deputy for Logan County. However, the defendant Nixt advised the plaintiff that because the Sheriff of Logan County is an independently-elected official, the Personnel Board had no authority to reinstate the plaintiff. Defendant Bollish declined to honor the plaintiff's re-employment request and has not reinstated him to his Deputy position.

In their dispositive motion, the defendants first assert that the County of Logan and the Personnel Board are not proper party defendants. Plaintiff concedes that the Personnel Board is not a proper party. Defendants' motion for summary judgment regarding the claims asserted against the defendant Personnel Board is therefore granted and this action is dismissed as against that defendant.

As to the defendant County of Logan, the defendants contend that the powers granted to the County, as a body politic and corporate, can only be exercised by the Board of County Commissioners. Colo. Rev.Stat. §§ 30–11–103 and 105 (Repl. 1986). Thus, they argue, the County must be sued through its Board of County Commissioners and not as a separate entity in order for the court to acquire jurisdiction over the County. *Calahan v. Jefferson County*, 163 Colo. 212, 429 P.2d 301 (1967).

■ I agree with the plaintiff that the County of Logan is a political subdivision of the State of Colorado and therefore a "person" subject to § 1983 liability. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). By suing the defendant Board of County Commissioners, however, the plaintiff in effect has sued the County of Logan. It is superfluous for the plaintiff to additionally sue the County of Logan. Defendants' motion for summary

judgment as to the County of Logan is granted.

Defendants contend that the plaintiff's § 1983 claims must be dismissed because he does not have a property interest in his employment as a Logan County deputy sheriff. Defendants further assert that the plaintiff was not deprived of any liberty interest regarding his dismissal from employment.

■ To prevail on a claim asserted under § 1983, the plaintiff must establish (1) a deprivation of a right secured by the Constitution and (2) the deprivation of that right by persons "acting under color of state law." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Whether the plaintiff had a constitutionally protected property right in his employment depends on whether state law, or some other independent source, provided him with an expectation of continued employment. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). An expectation of continued employment also may arise through implied agreements or administrative regulations. *DeBono v. Vizas*, 427 F.Supp. 905 (D.Colo. 1977).

■ Plaintiff was appointed deputy by the Sheriff of Logan County pursuant to Colo.Rev.Stat. 30–10–506 (Repl.1986). Section 30–10–506 provides, in pertinent part:

"... Each Sheriff may appoint as many deputies as he may think proper, for whose official acts and those of undersheriff he shall be responsible, and may revoke such appointments at his pleasure...."

The Board of County Commissioners of a home rule county may abrogate § 30–10–506 by adopting a career service ordinance or through the electorate. *City & County of Denver v. Rinker*, 148 Colo. 441, 366 P.2d 548 (1961); *Board of County Comm'rs v. Andrews*, 687 P.2d 457 (Colo. App.1984). However, the County of Logan is not a home rule county. Thus, it appears that § 30–10–506 affords the Sheriff

of Logan County the authority to dismiss his employees at will and without cause.

Plaintiff grounds his expectation of continued employment on the employee manual adopted by the Logan County Board of Commissioners and utilized by the Sheriff. The manual sets forth the procedures for filing a grievance and for termination of employment. Taking as true the plaintiff's allegation that he was fired from his employment and did not voluntarily resign, it is undisputed that the procedures set forth in the employee manual were not followed in discharging him.

█ Thus, the issue before me is whether the employee manual's procedures provide the plaintiff an expectation of continued employment protected by the Constitution that otherwise does not exist under state law. At least three decisions rendered by the federal district courts within the District of Colorado have determined that the Board of County Commissioners in a non-home rule county cannot, by language in a personnel manual, supersede the sheriff's statutory powers to hire and fire at will. *See Coover v. Summit County,* Civil Action No. 86–F–12, Slip Op. (D.Colo. Mar. 21, 1986); *Heasley v. Jefferson County Bd. of Comm'rs,* Civil Action No. 85–F–1384, Slip Op. (D.Colo. July 31, 1985); and *Seeley v. Board of County Comm'rs,* 654 F.Supp. 1309, 1312–14 (D.Colo.1987). Although I am not bound to follow these decisions, they are persuasive authority on the issue before me. Moreover, the Colorado Court of Appeals reached the same conclusion in *Seeley v. Board of County Comm'rs for La Plata County, Colorado,* 771 P.2d 21 (1989). The Colorado Supreme Court decided a similar matter with respect to county public health officers who, according to statute [Colo.Rev.Stat. § 5–1–505(1) ], serve at the pleasure of the county board of health. *Johnson v. Jefferson County Bd. of Health,* 662 P.2d 463 (Colo.1983).

█ In the federal cases, *Coover, Heasley* and *Seeley, supra,* Chief Judge Sherman G. Finesilver and Judge John L. Kane, rejected the contention that the plaintiff-employee had a federally protected

property interest in his employment as a deputy sheriff. I thus conclude that, based on § 30–10–506, the plaintiff Jackson was an employee who served at the pleasure of the Logan County Sheriff and whose employment was terminable at the Sheriff's will. As an employee terminable at will, the plaintiff had no claim of entitlement to continued employment and thus, he had no federally protected property interest. *Dickeson v. Quarberg,* 844 F.2d 1435 (10th Cir.1988). The Sheriff's intentions in agreeing to utilize the personnel manual with respect to his employees are irrelevant since his statutory authority to discharge his employees at will could not be abrogated.

As the defendants emphasize in their brief, only the defendant Bollish was statutorily empowered to terminate the plaintiff's employment. The other named defendants had no authority to act on personnel matters within the Sheriff's office.

I conclude that the plaintiff cannot establish his claim for deprivation of a property right under § 1983 against any of the named defendants. Defendants' motion for summary judgment on this issue is granted.

█ With respect to the plaintiff's § 1983 claim based on violation of a liberty interest, the plaintiff must prove that his termination was accompanied by public dissemination of the reasons for dismissal that stigmatized his employment reputation or foreclosed future employment possibilities. Plaintiff also must establish that his employer did not afford him an opportunity for a hearing to clear his good name, reputation, honor and integrity. *Walker v. United States,* 744 F.2d 67, 69 (10th Cir. 1984); *Lentsch v. Marshall,* 741 F.2d 301, 303–04 (10th Cir.1984).

█ Based on the complaint and the discussion contained in his responsive brief, the plaintiff's liberty interest claim appears to be asserted against the defendant Johns. However, the defendant Johns was not the plaintiff's employer and no constitutional claim for violation of a liberty interest can be asserted against him.

Plaintiff conclusorily asserts in his responsive brief that the defendant Bollish ratified the defendant Johns' derogatory statements and opinions about him. However, the plaintiff has not identified any false statement contained in the termination letter written by the defendant Bollish. Neither has the plaintiff alleged that the defendant Bollish publicly disclosed the reasons for the plaintiff's alleged discharge nor that his (the plaintiff's) future employment opportunities were negatively affected. Plaintiff was ultimately afforded a hearing by the Personnel Board and thus, was given an adequate opportunity to clear his good name and reputation.

As indicated earlier, only the defendant Bollish possessed the statutory authority to terminate the plaintiff's employment. I conclude that the plaintiff has failed to establish that any liberty interest was violated by any act of the defendant Bollish. Defendants' motion for summary judgment on this issue is granted but without prejudice. In the event that the plaintiff determines, in good faith, that he has, and can properly plead in good faith, a constitutional claim for a liberty interest violation against the defendant Bollish, the plaintiff may refile that claim, but he shall be mindful of the strictures in Rule 11, Fed.R.Civ. P. and 28 U.S.C. § 1927 and of the sanctions for their violation.

I have construed the plaintiff's third claim (Count Three) as a claim for conspiracy to violate civil rights under § 1983. This claim must be dismissed since the plaintiff has not established that the defendants have deprived him of any constitutionally protected right.

■■ To the extent that the plaintiff has asserted state claims for breach of contract and tortious interference with a contract, those pendent state claims must be dismissed. There is no basis for this court's exercise of pendent jurisdiction over these state claims since the federal claims have been dismissed. Moreover, as the plaintiff concedes, it appears that these state claims are barred as a matter of law since the plaintiff failed to give notice of them within 180 days after having discovered the inju-

ry, as required by the Colorado Governmental Immunity Act, Colo.Rev.Stat. § 24–10–109 (Cum.Supp.1987).

Plaintiff asserts a claim for punitive damages in count four of the complaint. A request for punitive damages is not a separate claim for relief but rather, is a prayer for damages. Plaintiff's claim for punitive damages set forth in count four of the complaint is dismissed.

It is unnecessary for me to consider the defendants' other arguments regarding qualified immunity, absolute privilege, and whether the Eleventh Amendment bars this action.

Accordingly, it is ORDERED that:

(1) Defendants' motion to dismiss, or in the alternative, for summary judgment is granted;

(2) Plaintiff's claims against the defendants Personnel Board and County of Logan are dismissed and summary judgment is granted in the defendants' favor on these claims;

(3) Plaintiff's federal claim for violation of a property right predicated on 42 U.S.C. § 1983 is dismissed with prejudice and summary judgment is granted in the defendants' favor;

(4) Plaintiff's federal claims for violation of liberty interest and for conspiracy to violate civil rights based on 42 U.S. C. § 1983 are dismissed without prejudice;

(5) To the extent that the plaintiff has asserted pendent state claims for breach of contract and tortious interference with a contract, these state claims are dismissed without prejudice to the plaintiff's right, if any, to reassert them in state court;

(6) Plaintiff's claim for punitive damages improperly set forth in Count Four of the complaint is dismissed; and

(7) Plaintiff's complaint and action are dismissed. Each party shall pay his or its own costs.