Mark FELGER, Plaintiff–Appellant,

v.

The LARIMER COUNTY BOARD OF COUNTY COMMISSIONERS, a body politic, and James Black, individually and as sheriff of Larimer County, Colorado, Defendants–Appellees.

No. 87CA1491.

Colorado Court of Appeals, Div. III.

June 22, 1989.

Law Offices of Tad Wallin, P.C., Tad Wallin, Ft. Collins, for plaintiff-appellant.

Hall & Evans, William F. Eggert and Richard Werner, Denver, for defendants-appellees.

CRISWELL, Judge.

The plaintiff, Mark Felger, appeals the summary judgment dismissing his claim against the defendants, the Larimer County Board of County Commissioners (Board) and James Black, as the sheriff of Larimer County (Sheriff). Plaintiff's complaint asserted that the defendants were negligent in administering the county's "useful public service" program under § 42–4–1202(4), C.R.S. (1984 Repl.Vol. 17), as a result of which plaintiff suffered personal injuries. The trial court concluded, however, that neither defendant owed any common law duty of due care to plaintiff and that each had properly performed any duty that the statute imposed upon them. We agree that there was no duty owed to plaintiff by the Board. However, we conclude that the Sheriff owed plaintiff a duty of due care, the claimed violation of which presented a genuine question of fact. Thus, we affirm the judgment in part and reverse it in part.

Section 42–4–1202(4), C.R.S. (1984 Repl. Vol. 17) requires any person who is convicted of an alcohol- or drug-related driving offense to serve a period of "useful public service." Such service must be work which is "beneficial to the public" and which involves a "minimum of direct supervision or other public cost," but which does not "endanger the health or safety of any person" required to perform such service. Section 42–4–1202(4)(g)(I), C.R.S. (1984 Repl.Vol. 17).

The sentencing court, the probation department, the county sheriff, and the board of county commissioners are all enjoined to cooperate with one another to identify "suitable work assignments" for this purpose, and an offender "sentenced to such work" must complete the service required within the time established by the court.

Section 42–4–1202(4)(g)(II)(A), C.R.S. (1984 Repl.Vol. 17).

The statute provides that there may be established a useful public service program in each county under the direction of the chief probation officer. The purpose of such a program is to identify suitable work assignments with local governmental units or non-profit corporations; to interview offenders and to "assign" them to "suitable useful public service jobs"; and to "monitor" their "compliance" with their useful public service "assignments." Section 42–4–1202(4)(g)(II)(A) and (B), C.R.S. (1984 Repl.Vol. 17).

In Larimer County, however, the Sheriff, pursuant to an agreement between the probation department and himself, has undertaken to administer that county's useful public service program. There is no evidence that either the probation department or the Board plays any role in the day-to-day administration of this program in Larimer County.

Persons assigned to useful public service jobs are not considered to be public employees for purposes of the Governmental Immunity Act, § 42–4–1202(4)(g)(III), C.R.S. (1984 Repl.Vol. 17), and no governmental unit is required to provide coverage for them under the Workmen's Compensation Act, although it may choose to do so. Section 42–4–1202(4)(g)(IV), C.R.S. (1984 Repl. Vol. 17). However, at the time of the events involved here, the statute required that each offender was to be assessed a sum, not exceeding $40, to cover the agency's costs of administering the program, including the cost of a public liability insurance policy to cover the offender's actions while he was participating in the program, the limits of which policy cannot be less than $1,000,000. Section 42–4–1202(4)(g)(II)(C) and (4)(g)(V), C.R.S. (1984 Repl.Vol. 17), which was amended in 1987. See § 42–4–1202(4)(g)(II)(C) and (4)(g)(V), C.R.S. (1988 Cum.Supp.).

As part of plaintiff's sentence to useful public service resulting from his conviction of an alcohol-related driving offense, plaintiff was assigned to work for the Fort Collins Municipal Railway Society (Society), and while performing that work, he was injured. The record on appeal does not reveal the nature of the Society, the nature of the project to which plaintiff was assigned, who selected the Society for participation in the program, or what criteria were used in that selection.

The evidence does show that the Sheriff did not consider it mandatory that a person sentenced to public service make use of the county program. If the offender chose not to be referred to one of the agencies designated by the Sheriff for this purpose, however, he was required to make his own, specific arrangements with the sentencing court. And, nothing in the record reflects that plaintiff was specifically advised of this option or of the procedures he was to use if he elected to find a "suitable work assignment" for himself.

Plaintiff's work for the Society involved "tonking" (pounding) rail with a sledge hammer. While plaintiff was engaged in this work, a sliver of metal broke from the rail and flew into his eye, causing a severe injury.

Prior to plaintiff's injury, another offender had suffered an injury while engaged in work for the Society and the Sheriff's agents in charge of administering the program had actual knowledge of this prior injury. It is also inferable that the Sheriff's agents had knowledge of the nature of the work being performed by offenders for the Society, but that they made no inquiries of the Society as to the availability or use of any safety equipment.

In dismissing plaintiff's complaint, the trial court concluded that the undisputed facts disclosed that there was no "special relationship" between plaintiff and any defendant. Thus, it held, as a matter of law, that no defendant owed plaintiff any duty of due care to prevent him from being injured while engaged in the useful public service program.

### I.

Whether one party owes a duty of due care to another is a question of law. *Perreira v. State*, 768 P.2d 1198 (Colo.

1989); *Metropolitan Gas Repair Service, Inc. v. Kulik,* 621 P.2d 313 (Colo.1980). Thus, we are not bound by the trial court's conclusion with respect to the question whether the useful public service statute and the defendants' actions thereunder gave rise to a duty of due care to prevent plaintiff from suffering physical injury.

■ As a general rule, a person does not owe a duty of due care to protect another person from the actions of a third party. However, if a special relationship exists between that person and the party causing harm, or between that person and the party injured, a duty of due care to protect another from harm may result from that special relationship. *See Leake v. Cain,* 720 P.2d 152 (Colo.1986); Restatement (Second) of Torts § 325 (1965).

■ For this purpose, a statute, although not imposing sufficiently specific duties upon a public employee so as to allow application of the doctrine of negligence *per se,* may, nevertheless, create such a special relationship between that employee and a specific member of the public as to impose a duty upon the employee that might not otherwise exist. *See Perreira v. State, supra; Stoneking v. Bradford Area School District,* 856 F.2d 594 (3rd Cir.1988), *vacated on other grounds,* —— U.S. ——, 109 S.Ct. 1333, 103 L.Ed.2d 804 (1989) (statutes requiring children to attend school and giving school employees authority to control students' behavior contribute to creation of special relationship between school and students).

■ Here, we conclude that the useful public service statute and the Sheriff's agreement with the county probation department together created such a special relationship between the Sheriff and an offender under that program that there came into existence a duty on the Sheriff's part to use due care in selecting the entities for whom the service is to be rendered and in monitoring the offender's work under that program.

■ A sheriff, or any other person having custody of another, is under a general duty to exercise reasonable care to prevent third parties from creating an unreasonable risk of harm to the person in custody. *People ex rel. Coover v. Guthner,* 105 Colo. 37, 94 P.2d 699 (1939); Restatement (Second) of Torts § 320 (1965). And, the statutory requirement that an offender participate in a local useful public service program under the direction of the local administrator results in the offender being placed in the custody of that local administrator while he is engaged in work assigned to him under that program. *See Stoneking v. Bradford Area School District, supra.*

As the program's local administrator, the sheriff undertook the statutory responsibilities of interviewing the plaintiff, assigning him a suitable job, and monitoring his compliance with that job. The General Assembly recognized that a legal relationship of some sort was being created between the offender and the local administrator by requiring the acquisition of public liability insurance to protect against liability arising from the offender's actions. Section 42-4-1202(4)(g)(II)(C), C.R.S. (1984 Repl.Vol. 17).

Thus, the Sheriff, by selecting the Society's project as a proper work assignment and by assigning the plaintiff to a job on that project, entered into a special and unique relationship with plaintiff that he did not have with other members of the general public. That relationship required the Sheriff to exercise reasonable care to see to it that plaintiff was not subjected to an unreasonable risk of personal injury as a result of the Society's actions.

■ We do not, of course, conclude that the Sheriff failed to perform his duty in this case. However, based on the materials presented to the trial court in conjunction with defendants' motion for summary judgment, neither can we conclude, as a matter of law, that that duty was performed. Thus, the trial court erred in entering judgment in favor of the Sheriff without a trial of the factual issue of his negligence.

## II.

■ Unlike our conclusion with respect to the Sheriff, however, we also conclude

that the statute's imposition upon the Board of the responsibility simply to cooperate in selecting useful public service projects, as distinguished from the responsibilities necessarily assumed by the local program's administrator, is insufficient to create any special relationship between the Board and any offender, or between it and any agency used for the performance of useful public service. Thus, we agree with the trial court that the Board owed no duty to plaintiff.

The judgment dismissing plaintiff's complaint against the Board is affirmed; the judgment dismissing that complaint against the Sheriff, in his official capacity, is reversed, and the cause is remanded to the district court for further proceedings consistent with the views expressed herein.

SILVERSTEIN and ENOCH, JJ.,* concur.