**George GOODWIN, Plaintiff,**

v.

**William A. DEBEKKER, individually and as Sheriff of Fremont County, Colorado, Charles Crockett, individually and as Undersheriff of Fremont County, Colorado, Dennis Jones, Wesley Carhart and Charles McCall, Fremont County Commissioners, Defendants.**

**Civ. A. No. 88-C-179.**

United States District Court,
D. Colorado.

July 18, 1989.

---

**1.** This ruling does not affect the claim for conversion against Ann Bartell.

Carl B. Lucas, Canon City, Colo., for plaintiff.

Lawrence J. Simons, Pueblo, Colo., for defendants.

## ORDER

CARRIGAN, District Judge.

Plaintiff George Goodwin commenced this action for damages by filing a complaint pursuant to 42 U.S.C. § 1983 alleging that he was discharged from his job as Fremont County, Colorado deputy sheriff in violation of his constitutional rights. Defendant William A. DeBekker was at all relevant times the Fremont County sheriff. Defendant Charles Crockett was at all relevant times the Fremont County undersheriff. Pursuant to a previous order, the action has been dismissed as against the defendants Fremont County Commissioners Dennis Jones, Wesley Carhart and Charles McCall.

Currently pending is the defendants' (DeBekker's and Crockett's, collectively the "defendants") motion for partial summary judgment under Rule 56(c), Fed.R.Civ.P. The parties have fully briefed the issues and oral argument would not assist my decision. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1334.

### I. *Facts.*

The following facts appear undisputed. Plaintiff was employed as a deputy sheriff for the Fremont County, Colorado Sheriff's Department (the "department") from May 1, 1983, until the defendant DeBekker discharged him on November 5, 1986. The reasons given to the plaintiff for his discharge included: (1) the plaintiff's insubordination in resigning his position as the department's training officer; (2) a letter from a citizen contact indicating that the plaintiff planned to vote for the defendant Sheriff DeBekker's opponent in the upcoming general election; and (3) an inter-office memorandum in which the plaintiff had placed a restriction on the use of a patrol car, and had signed the memorandum in both his given name and his department nickname.

According to the complaint, the plaintiff was "an officer in good standing with no written reprimands in his personnel file" prior to his discharge. Plaintiff was afforded a hearing before the defendant De-Bekker nine days after being discharged, but the plaintiff's request to have counsel present at the hearing allegedly was denied by the defendant Crockett.

Plaintiff asserts seven claims for relief against the defendants individually and in their official capacities. The plaintiff claims that: (1) his employment termination violated his right to free speech because it was retaliation after the general election results became known (first claim); (2) his termination was a result of his criticism of the defendants (second claim); (3) his treatment by the defendants violated the implied "covenant of good faith and fair dealing" arising out of his three years of employment, his satisfactory work, and the department's policy manual (third claim); (4) his at-will discharge violated the manual's implied policy of "progressive" punishment in disciplinary proceedings (fourth claim); (5) his discharge constituted excessive punishment considering the nature of his alleged misconduct and his favorable service record (fifth claim); (6) his post-discharge hearing violated Fourteenth Amendment procedural due process requirements (sixth claim); and (7) his discharge discriminated against him because other officers were not discharged after committing more egregious misconduct (seventh claim).

Defendants have moved for partial summary judgment on the plaintiff's third through sixth claims for relief. With respect to these four claims, the plaintiff contends that the defendant DeBekker's action in firing him has resulted in deprivation of his property right to continued employment.

Plaintiff contends that, as a matter of public policy, the department's adoption of an employment policy manual prior to his

employment established a property interest in continued employment. He argues that the manual obligates the department and its employees to follow specified discharge procedures. He also asserts that the manual's discharge procedures limit the defendant DeBekker's right, under Colo.Rev. Stat. § 30–10–506, to discharge him.

Defendants contend that they are entitled to summary judgment as a matter of law on the plaintiff's third through sixth claims because the plaintiff does not have a property right to employment as a Fremont County deputy sheriff.

## II. *Legal Discussion and Conclusion.*

I considered a similar issue in *Jackson v. Johns,* 714 F.Supp. 1126 (D.Colo.1989). As there noted, to prevail on a § 1983 claim a plaintiff must establish (1) deprivation of a right secured by the Constitution, (2) by persons "acting under color of state law." *Jackson,* at 11, citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). *Jackson* addressed the question of whether a deputy sheriff has a protectable property interest in his employment position as follows:

> "Whether the plaintiff had a constitutionally protected property right in his employment depends on whether state law, or some other independent source, provided him with an expectation of continued employment. *Board of Regents v. Roth,* 408 U.S. 564 [92 S.Ct. 2701, 33 L.Ed.2d 548] (1972); *Bishop v. Wood,* 426 U.S. 341 [96 S.Ct. 2074, 48 L.Ed.2d 684] (1976). An expectation of continued employment also may arise through implied agreements or administrative regulations. *DeBono v. Vizas,* 427 F.Supp. 905 (D.Colo.1977)." At 1129.

State law does not afford the instant plaintiff any basis for an expectation of continued employment. The broad language of Colo.Rev.Stat. § 30–10–506 authorizes a sheriff to revoke deputy sheriffs' appointments at his discretion. Section 30–10–506 provides in pertinent part:

> "Each sheriff may appoint as many deputies as he may think proper, for whose official acts and those of his undersheriff he shall be responsible, and *may revoke*

*such appointments at his pleasure."* (emphasis added).

Plaintiff bases his expectation of continued employment on an asserted independent source, the department's employee manual. He contends that the manual "implies" procedures for progressive punishment in disciplinary proceedings. Thus, the issue before me is whether the manual's disciplinary procedures provide the plaintiff a constitutionally protected expectation of continued employment that does not otherwise exist under state law.

As noted in *Jackson, supra,* this issue turns on whether the county is a home rule county. "The Board of County Commissioners of a home rule county may abrogate § 30–10–506 by adopting a career service ordinance or through the electorate." *Jackson,* at 1129 (citing *City & County of Denver v. Rinker,* 148 Colo. 441, 366 P.2d 548 (1961); *Board of County Comm'rs v. Andrews,* 687 P.2d 457 (Colo.App.1984)). In three decisions by the federal district courts for the District of Colorado prior to my decision in *Jackson,* Chief Judge Sherman G. Finesilver and Judge John L. Kane, Jr. of this court held that the Board of County Commissioners in a non-home rule county cannot, by language in a personnel manual, supersede the sheriff's statutory authority to hire and fire "at his pleasure." *See Seeley v. Board of County Comm'rs for La Plata County,* 654 F.Supp. 1309, 1312–14 (D.Colo.1987), *aff'd,* No. 87–1441 (10th Cir. Dec. 20, 1988) (unpublished opinion); *Coover v. Summit County,* No. 86–F–12, 1986 WL 28915 (D.Colo. March 21, 1986); *Heasley v. Jefferson County Bd. of Comm'rs,* No. 85–F–1384 (D.Colo. July 31, 1985). In *Jackson* I also concluded that, based on § 30–10–506, the plaintiff-employee served at the pleasure of the sheriff in a non-home rule county, and thus his employment was terminable at the sheriff's will. *Jackson, supra,* at 1130.

Whether the instant plaintiff is a deputy whose employment was terminable at the sheriff's will pursuant to § 30–10–506, turns on whether Fremont County is a home rule county. The parties have not briefed or submitted affidavits or other

evidence on this pivotal issue. By its nature, this fact should be decided at the summary judgment stage and should not require trial. Therefore, it is ordered that within eleven days each party shall submit any evidence it has on this fact issue. Upon deciding that issue, this aspect of the summary judgment motion can be resolved.

Under Rule 56(c), Fed.R.Civ.P., summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Defendants also take the position that the plaintiff may not file this § 1983 action against them as individuals but only in their official capacities as sheriff and undersheriff acting under "color of state law." They have not cited any legal authority in support of their argument. To the extent that this argument applies to the plaintiff's seven claims for relief, the defendants' motion for summary judgment on this ground is denied.

Accordingly, it is ORDERED that:

(1) Defendants' motion for partial summary judgment on the plaintiff's third through sixth claims for violation of a property right predicated on 42 U.S.C. § 1983 is held in abeyance pending the parties' supplementing the record with evidence whether or not Fremont County is a home rule county.

(2) Defendants' motion for summary judgment as it applies to the plaintiff's right to file his 42 U.S.C. § 1983 claims against the defendants in their individual and and official capacities is denied.