959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 George GOODWIN, Plaintiff-Appellee,
v.
Charles CROCKETT, Individually and as Undersheriff of
Fremont County, Colorado, Defendant-Appellant.
 No. 90-1286.
 United States Court of Appeals, Tenth Circuit.
 March 25, 1992.
 
 Lawrence J. Simons, Pueblo, Colo., for defendant-appellant.
 Carl B. Lucas, Canon City, Colo., for plaintiff-appellee.
 REVERSED AND REMANDED.
 Before SEYMOUR and ANDERSON, Circuit Judges, and BRATTON, District Judge*
 ORDER AND JUDGMENT**
 PER CURIAM.
 
 
 1
 Defendant-Appellant Charles Crockett appeals after a jury found that he and his co-defendant, William A. DeBekker, deprived plaintiff George Goodwin of his first amendment rights when they terminated him from his employment as a deputy sheriff of Fremont County, Colorado. The jury awarded both compensatory and punitive damages pursuant to 42 U.S.C. § 1983. The issue presented to us is whether defendant Crockett, the undersheriff, possessed the statutory authority under Colorado law to terminate a deputy sheriff. We hold he did not possess that authority, and he therefore cannot be liable for depriving plaintiff of his federally protected rights.[1]
 
 
 2
 In this appeal, we do not attempt to resolve any disputed questions of fact. The appellant has not provided us with a record of the trial, and thus we accept the jury verdict that plaintiff was discharged for exercising his first amendment rights.[2] We resolve only the legal issue of whether the undersheriff can be held liable under the undisputed facts.[3] This issue was presented to the district court in defendants' motion for directed verdict and motion for judgment notwithstanding the verdict. The court summarily denied both motions.
 
 
 3
 The facts surrounding plaintiff's discharge are as follows: Plaintiff was discharged on November 5, 1986. At the time, Sheriff DeBekker was on vacation. Before he left town, the sheriff instructed Undersheriff Crockett to draft a termination letter discharging plaintiff because he called the sheriff an expletive. The undersheriff drafted the letter listing completely different reasons for the termination and gave this letter to the plaintiff during the sheriff's absence.
 
 
 4
 Plaintiff concedes that Sheriff DeBekker "ordered" his termination and that it was the sheriff's statutory duty to appoint deputies and revoke those appointments. However, he argues that the undersheriff is liable because he drafted the letter of termination, providing his own reasons for the discharge, and because he was empowered by statute to assume the sheriff's duties when the sheriff was out of the county.
 
 
 5
 Our review of the relevant Colorado statutes, case law, and the Colorado Constitution, convinces us that only Sheriff DeBekker had the power to terminate a deputy sheriff. Colorado law states clearly it is the sheriff's duty to appoint his deputies and that he may revoke those appointments. Colo.Rev.Stat. § 30-2-106 (1986) ("[u]ndersheriffs and deputy sheriffs shall be appointed by the sheriffs of their respective counties"); Colo.Rev.Stat. § 30-10-506 (1986) ("[e]ach sheriff may appoint as many deputies as he may think proper ... and may revoke such appointments at his pleasure"); Colo.Rev.Stat. § 30-10-510 (1986) ("[e]very appointment of an undersheriff or of a deputy sheriff, and every revocation of such appointment, shall be in writing, under the hand of the sheriff").
 
 
 6
 The Colorado Supreme Court has stated that sections 30-2-106 and 30-10-506 "indicate that the General Assembly intended to grant the sheriff exclusive power to appoint deputies." Tihonovich v. Williams, 582 P.2d 1051, 1055 (Colo.1978). That court has also adopted the rule that "powers and duties of officers are prescribed by the Constitution or by statute ... and must be executed in the manner directed and by the officer specified," and that those duties cannot be assumed by other officers. Skidmore v. O'Rourke, 383 P.2d 470, 474 (Colo.1963).
 
 
 7
 Thus, since the Colorado legislature has specified that the sheriff may revoke his appointments of deputies and has not conferred such authority on the undersheriff or any other officer, that power is exclusive and may not be assumed by the undersheriff.
 
 
 8
 Plaintiff has directed our attention to two statutes he claims gave the undersheriff the power to effect plaintiff's termination. Section 30-10-505 provides that "[w]hen a vacancy occurs in the office of sheriff of any county, the undersheriff of such county shall in all things execute the office of sheriff until a sheriff is appointed or elected and qualified." Colo.Rev.Stat. § 30-10-505 (1986). Section 30-10-106 provides that
 
 
 9
 [w]hen any coroner is required to act as sheriff, or any other officer in this state is required to perform any duties belonging to any other office, for the time being, he shall have the same powers in respect to that duty as are given by law to the officer whose duties he performs, and shall be entitled to receive the same compensation for his services.
 
 
 10
 Colo.Rev.Stat. § 30-10-106 (1986).
 
 
 11
 Section 30-10-505 does not apply to the situation before us. Section 30-10-105 lists eight events which cause a county office to become vacant. Colo.Rev.Stat. § 30-10-105 (1986). A vacation out of the county is not one of those reasons. Id. Accordingly, Undersheriff Crockett was not executing the office of sheriff when plaintiff was terminated.
 
 
 12
 Section 30-10-106 does not apply because the undersheriff is not an "officer." Article XIV, Section 8, of the Colorado Constitution lists eight county officers, including the sheriff and the coroner; the undersheriff is not included. Furthermore, the statute provides for the officer performing the duties to receive the same compensation as the sheriff. Undersheriff Crockett could not have been paid the sheriff's salary simply because the sheriff was on vacation in another county.[4]
 
 
 13
 In sum, on November 5, 1986, there was no vacancy in the office of the sheriff of Fremont County. Only Sheriff DeBekker had the authority to discharge, terminate, or revoke the appointment of his deputy sheriff, George Goodwin. As a matter of law, Charles Crockett, the undersheriff, is not liable for depriving plaintiff of his first amendment rights. The judgment of the United States District Court for the District of Colorado entered against defendant Crockett is REVERSED and the case is REMANDED for proceedings consistent with this order and judgment.
 
 
 
 *
 Honorable Howard C. Bratton, Senior District Judge of the United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff did not allege a conspiracy between Crockett and DeBakker. Accordingly, for Crockett to be liable he must have independently caused plaintiff's constitutional deprivation
 
 
 [2]
 The evidence apparently showed that the plaintiff supported the sheriff's opponent in an upcoming election
 
 
 [3]
 Because of our resolution, and in view of the appellant's decision not to provide us with the trial record, we do not address appellant's other arguments that he is entitled to qualified immunity, that the trial court should not have given the issue of punitive damages to the jury, and that the jury should have assessed punitive damages individually against each defendant
 
 
 [4]
 See also Seeley v. Board of County Comm'rs for La Plata County, 654 F.Supp. 1309, 1313 (D.Colo.1987). In Seeley, the district court held that a deputy sheriff was a county employee and not an officer within the meaning of the Colorado Constitution because he did not serve for a specific term, was appointed by the sheriff, and his appointment could be revoked by the sheriff "at his pleasure." See Colo.Rev.Stat. § 30-10-506 (1986). Section 30-10-504 provides that the undersheriff is also appointed by the sheriff and serves "during the pleasure of the sheriff." Colo.Rev.Stat. § 30-10-504 (1986). Therefore, the undersheriff should also be considered an employee, not an officer