**Jerry ZAPP and Ruth Zapp, Plaintiffs–Appellants,**

v.

**James KUKURIS, John Spezze, John Price, Individually; and the City and County of Denver, Colorado, a Colorado Municipal Corporation, Defendants– Appellees.**

No. 90CA0843.

Colorado Court of Appeals, Div. IV.

April 23, 1992.

Rehearing Denied July 2, 1992.

Certiorari Denied March 8, 1993.

Graft, Thomson & Toedte, P.C., Lynn Wm. Toedte, Englewood, for plaintiffs-appellants.

Halaby & McCrea, Theodore S. Halaby, Robert M. Liechty, Denver, for defendants-appellees.

Opinion by Judge METZGER.

In this wrongful death action, plaintiffs, Jerry and Ruth Zapp, appeal the judgment dismissing their complaint against three Denver police officers and the City and County of Denver, defendants. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiffs sought damages arising from the death of their 18–year–old daughter who was killed when her vehicle was struck by a stolen automobile during a high-speed police chase. The complaint alleged that the defendant police officers, acting in their official capacity and within the scope of their employment, negligently caused the victim's death. It also alleged that, in conducting the chase, the officers recklessly disregarded the attendant foreseeable and probable injurious consequences inherent in the circumstances.

Defendants sought dismissal of the complaint pursuant to C.R.C.P. 12(b)(5), arguing that they were immune from liability and that no duty was owed by them to the decedent. Although it initially denied the motion, the trial court, on the morning of trial, concluded defendants owed no duty to protect the decedent from the actions of a pursued suspect and granted the motion.

We note, and plaintiffs agree, that the determination whether defendants owed the decedent a legal duty is a question of law. *See Metropolitan Gas Repair Service, Inc. v. Kulik*, 621 P.2d 313 (Colo. 1980); *Felger v. Larimer County Board of County Commissioners*, 776 P.2d 1169 (Colo.App.1989). Furthermore, there is no duty to prevent a third person from harming another, absent a special relation between the actor and the wrongdoer or between the actor and the victim. *Leake v. Cain*, 720 P.2d 152 (Colo.1986). No such special relationship is suggested here.

Nevertheless, plaintiffs argue that a duty of care extends to the decedent in this case by the plain intent of § 42–4–106, C.R.S. (1984 Repl.Vol. 17), which governs the standard of care to be exercised by the driver of an emergency vehicle. Since this section is derivative of the general princi-

ples of the Colorado Governmental Immunity Act, §§ 24–10–101, et seq., C.R.S. (1982 Repl.Vol. 10), we thus determine the issue presented within this statutory context.

■ Section 24–10–105 of the Governmental Immunity Act generally exempts public employees from liability for injuries arising from acts or omissions occurring within the scope of employment, unless such act or omission was willful and wanton. However, § 24–10–106(1)(a), C.R.S. (1988 Repl.Vol. 10A), waives immunity for injuries which lie in tort resulting from the operation of a vehicle owned by a public entity and operated by a public employee, except emergency vehicles operating within the provisions of § 42–4–106. A police car is such an "emergency vehicle." Section 42–1–102(5), C.R.S. (1984 Repl.Vol. 17).

■ Under § 42–4–106(2), C.R.S. (1984 Repl.Vol. 17), an emergency vehicle in pursuit of an actual or suspected violator of the law is permitted to proceed past stop signals, exceed maximum speed limits, and disregard direction of movement and turning regulations. However, § 42–4–106(4), C.R.S. (1984 Repl.Vol. 17) provides:

> The provisions of this section shall not relieve a driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, *nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.* (emphasis added)

■ Since a duty of care may be created by legislative pronouncement, *Leake v. Cain, supra,* we conclude that a police officer operating an emergency vehicle within the course of employment in the pursuit of a suspect is not shielded from liability if it is established that such operation was done with "reckless disregard for the safety of others." Consequently, if plaintiffs' allegations would permit proof of circumstances that are beyond the ambit of the emergency vehicle provisions of the Governmental Immunity Act, dismissal of the complaint, insofar as it alleged the aggravated circumstances, was improper.

■ Here, plaintiffs alleged that their daughter's death proximately resulted from the operation of emergency vehicles by public employees in "reckless disregard of the probable consequences of their acts which were clearly foreseeable...." Furthermore, as defendants admit, plaintiffs' counsel made an offer of proof consisting of proposed expert testimony that would indicate the defendants conducted the chase recklessly in disregard of the foreseeable consequences.

Under these circumstances, the specific charge of reckless conduct which plaintiffs made was sufficient to withstand the motion to dismiss, and the trial court erred in ruling otherwise. *See* C.R.C.P. 12(b); *Sierra v. City & County of Denver,* 730 P.2d 902 (Colo.App.1986).

Accordingly, the judgment dismissing plaintiffs' claim based upon alleged reckless conduct is reversed, and the cause is remanded for further proceedings. The portion of the judgment dismissing the claim of simple negligence is affirmed.

HUME and ROTHENBERG, JJ., concur.