John K. FOGG, II, Plaintiff–Appellant,

v.

Mario R. MACALUSO and The County of Pueblo, Defendants–Appellees.

No. 92CA1196.

Colorado Court of Appeals,
Div. V.

July 29, 1993.

Rehearing Denied Sept. 9, 1993.

Certiorari Granted (Fogg) March 21, 1994.

Cross–Petition for Certiorari
Denied March 21, 1994.

Peter J. Obernesser, Colorado Springs, for plaintiff-appellant.

Vaughan & Reeves, P.C., Gordon L. Vaughan, Colorado Springs, for defendants-appellees.

Beth A. Whittier, El Paso County Atty., Colorado Springs, for amicus curiae Colorado Counties, Inc.

Opinion by Judge HUME.

In this action to recover damages for personal injuries sustained in an automobile accident, plaintiff, John K. Fogg, II, appeals from the summary judgment which dismissed his complaint against defendants, Mario R. Macaluso and the County of Pueblo. We affirm.

The complaint alleged that plaintiff was injured in July 1990 in an automobile accident caused by defendant Macaluso's negligence while he was acting as a sheriff's deputy for defendant Pueblo County.

Defendants filed an answer in which they alleged that, at all times pertinent to the incident, Macaluso was operating an emergency vehicle in accordance with the provisions of § 42–4–106, C.R.S. (1984 Repl.Vol. 17 & 1992 Cum.Supp). Defendants also alleged that, at the time of the accident, Macaluso had parked his police cruiser on southbound Interstate 25 to render aid to a motorist with a flat tire and that the police vehicle was displaying visual signals which met the requirements of § 42–4–212, C.R.S. (1984 Repl.Vol. 17 & 1992 Cum.Supp.). Finally, the answer asserted that the complaint failed to state a claim and that sovereign immunity barred plaintiff's action.

Subsequently, defendants filed a motion to dismiss the complaint or, alternatively, for summary judgment on grounds of sovereign immunity. In support of the motion, defendants asserted that sovereign immunity was applicable to actions against a governmental entity and its employee for injuries resulting from the operation of an emergency vehicle responding to an emergency call.

Attached as an exhibit to defendants' motion was a portion of Macaluso's deposition in which he testified that he had responded to a radio call indicating that a motorist was parked in the median on Interstate 25. In the deposition, Macaluso also stated that he discovered the motorist's vehicle "in the middle of the median in the mud" and that he stopped his patrol car in the left southbound passing lane and turned on his emergency lights before walking to the median to assist the motorist.

Plaintiff filed a response to the motion, with a supporting brief, asserting that sovereign immunity did not apply. The brief acknowledged that the police car's emergency lights were activated at the time of the accident but asserted that no "emergency" existed when Macaluso arrived at the scene. Attached to plaintiff's response was another portion of Macaluso's deposition in which he testified that, after he saw the car in the median, he realized that the situation was not an emergency. Elsewhere in the deposition, Macaluso stated that the volume of traffic at the time he stopped to help the motorist was "extremely heavy."

Because materials outside the pleadings were presented to and considered by the court, the motion was treated as a motion for summary judgment pursuant to C.R.C.P. 12(b) and C.R.C.P. 56. Based upon the parties' submissions, the trial court determined that Macaluso was responding to an "emergency call" within the meaning of § 42–4–106(2), C.R.S. (1984 Repl.Vol. 17). Therefore, the trial court concluded that defendants were protected by sovereign immunity and dismissed the complaint.

I.

Plaintiff contends that the trial court erred in concluding, as a matter of law, that defendants were entitled to sovereign immunity. In support of this contention, he argues that summary judgment was precluded by genuine issues of material fact as to whether Macaluso was responding to an "emergency call" when he parked his car in the passing lane to assist a motorist in the median. We perceive no error.

Generally, pursuant to § 24–10–105, C.R.S. (1988 Repl.Vol. 10A) of the Colorado Governmental Immunity Act, public entities and their employees are immune from tort liability for injuries arising from the performance of their duties. However, pursuant to § 24–10–106(1)(a), C.R.S. (1988 Repl.Vol. 10A), sovereign immunity has been statutorily waived for injuries resulting from the operation of a motor vehicle by a public employee while in the course of his employment "except emergency vehicles operating within the provisions of § 42–4–106(2) and (3), C.R.S."

■ A police car is an "emergency vehicle." Section 42–1–102(5), C.R.S. (1984 Repl. Vol. 17); *Zapp v. Kukuris,* 847 P.2d 150 (Colo.App.1992).

■ Section 42–4–106(2)(a), C.R.S. (1984 Repl.Vol. 17) permits a driver of an authorized emergency vehicle, *when responding to an emergency call,* to park irrespective of the provisions of the traffic code as long as the emergency vehicle is utilizing visual signals meeting the requirements of § 42–4–212. *See* § 42–4–106(3), C.R.S. (1992 Cum.Supp.). Thus, in order to retain sovereign immunity,

defendants need only establish that, at the time he parked his car utilizing proper visual signals, Macaluso was responding to an emergency call.

The term "emergency" is not defined in the Governmental Immunity Act. However, in another context arising under the motor vehicle laws, "emergency" has been defined as "1: an unforeseen combination of circumstances or the resulting state that calls for immediate action 2: a pressing need...." *People v. McKnight,* 200 Colo. 486, 499, 617 P.2d 1178, 1188 (1980).

In *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo. 1993), announced after the trial court entered summary judgment in the present case, our supreme court held that the proper procedure for determining a public entity's sovereign immunity is C.R.C.P. 12(b)(1), not C.R.C.P. 56. *See also Kittinger v. City of Colorado Springs,* — P.2d — (Colo.App. No. 92CA1332, July 1, 1993).

The court in *Trinity* further held that, in a proceeding under C.R.C.P. 12(b)(1), the trial court may consider any competent evidence pertaining to the motion to dismiss without converting it to a summary judgment motion and that, if a reviewing court is satisfied that all relevant evidence has been presented to the trial court, it may apply C.R.C.P. 12(b)(1) to the record without remand. Finally, the *Trinity* court declared that appellate review of the trial court's determination of such threshold factual issues is to be conducted using a highly deferential, clearly erroneous standard.

Here, based upon our review of the record, we are satisfied that all of the relevant evidence pertaining to the immunity issue was presented to the trial court. In addition to Macaluso's entire deposition, the record contains the traffic accident report completed by a state patrol officer, a written statement from the stranded motorist, and Macaluso's incident report.

Because the record contains competent evidence that supports the trial court's determination that Macaluso was responding to an emergency call when he parked his police vehicle with visual signals activated, and even

though the relevant evidence may be subject to conflicting inferences, that ruling will not be disturbed on review. *See In re Marriage of Huff,* 834 P.2d 244 (Colo.1992); *Casserly v. State,* 844 P.2d 1275 (Colo.App.1992).

## II.

Plaintiff also contends that, notwithstanding the provisions of the Governmental Immunity Act, the trial court erred by failing to consider the effect of § 42-4-106(4), C.R.S. (1984 Repl.Vol. 17), which required Macaluso to drive with due regard for the safety of all persons. Plaintiff argues that that provision either has been or should be incorporated by reference into the Governmental Immunity Act. However, defendants counter that § 42-4-106(4) is not applicable to a determination of sovereign immunity. We agree with defendants.

The goal of a court in construing a statute is to ascertain and give effect to the intent of the General Assembly, and, in doing so, a court must look first to the statutory language. *Bloomer v. Board of County Commissioners,* 799 P.2d 942 (Colo.1990).

Section 24-10-106(1), C.R.S. (1988 Repl. Vol. 10A) of the Colorado Governmental Immunity Act provides that a public entity shall be immune from all tort liability "except as provided otherwise in this section." Further, § 24-10-106(1)(a), C.R.S. (1988 Repl.Vol. 10A), while waiving immunity for "the operation of a motor vehicle," expressly excepts from such waiver "emergency vehicles operating within the provisions of section 42-4-106(2) and (3), C.R.S." Nowhere does the Governmental Immunity Act refer to § 42-4-106(4).

We must presume that, in adopting the 1986 amendments to the Governmental Immunity Act, the General Assembly was aware of the existence of § 42-4-106(4). *See Bloomer v. Board of County Commissioners, supra* (legislative exclusion of county roads must be recognized in construing waiver of immunity for dangerous conditions of other public highways, roads, or streets). Accordingly, in the absence of clear language in the Governmental Immunity Act incorporating § 42-4-106(4), we will construe that omission as an expression of the General Assembly's intention to limit the waiver's exception to emergency vehicles operating within the pro-

visions of § 42–4–106(2) and (3). *See Bloomer v. Board of County Commissioners, supra.* Accordingly, we hold that, in deciding the immunity issue presented here, the trial court was not required to consider § 42–4–106(4).

To the extent that the opinions in *Zapp v. Kukuris, supra,* and *Cline v. Rabson,* 856 P.2d 1 (Colo.App.1992) may have expressed differing views as to this issue, we respectfully decline to follow those decisions.

### III.

Plaintiff argues for the first time in his reply brief that the facts pleaded in his complaint showed a "dangerous condition of a public highway" which physically interfered with the movement of traffic. Therefore, he argues that defendants' sovereign immunity was also waived pursuant to § 24–10–106(1)(d), C.R.S. (1988 Repl.Vol. 10A). However, because this argument was not presented in the trial court or in plaintiff's opening brief, we may not consider it here. *See People v. Czemerynski,* 786 P.2d 1100 (Colo. 1990).

In view of our resolution of these issues, it is unnecessary to address plaintiff's other contention.

Judgment affirmed.

DAVIDSON and TAUBMAN, JJ., concur.